■ In the Matter of the Claim of Douglas Raymond, Respondent, against Bolzar Builders, Inc. et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by the employer and insurance carrier from a decision and award of the Workmen's Compensation Board. Claimant suffered a back injury on May 9, 1951, while attempting to pick up a butt end of a felled tree. The injury was diagnosed as acute back sprain with limitation of motion in the lumbosacral area. The claimant claims to have been disabled ever since. The appellants do not dispute the occurrence of the accident or the fact that some disability resulted for some time thereafter but they contend that there is no continuing disability. The appeal is from an award for disability from March 17, 1954, to May 7, 1954. It appears that the appellant has paid that award but the board's affirmance of the award was based upon evidence as to the condition of the claimant subsequent to the period covered by the award so that it may be assumed that further awards will be made to cover subsequent periods, if the award is allowed to stand. Hence this appeal is not academic. In any event, the payment of a judgment does not waive the right to appeal from it (Hayes v. Nourse, 107 N. Y. 577; 39 A. L. R. 2d 153 Annotation; cf. Workmen's Compensation Law, § 23). The medical experts on behalf of the appellants reported that they found no objective symptoms of disability and that any disability which the claimant still suffered was attributable to psychogenic factors of a voluntary character, not connected with the accident. They were of the opinion that the claimant was worried about his advancing age and the prospective difficulty of obtaining employment and that these psychological factors tended to make him nervous when he tried to do any work and led to the feeling that he could not return to work. They were of the opinion that the best cure for the claimant was to go back to work, beginning with light work. The claimant's physician testified that the claimant had a " possible " ruptured disc but thorough physical examination showed no evidence of it. It was agreed that a myelogram was necessary to prove or disprove the diagnosis of a ruptured disc. No such test has been made and the board did not base its award upon the theory of a ruptured disc. In view of the conflict in the proof as to the cause of claimant's continuing disability, the board referred the case to an orthopedist and a psychiatrist as impartial specialists. The orthopedist reported that there was no disability from an orthopedic point

of view. The psychiatrist reported that, in his opinion, the claimant was totally disabled by a "neurotic stress reaction" which was caused by the accident. Upon cross-examination, he conceded that other factors such as the claimant's worry about his advancing age and about his financial difficulties could be contributory factors but he adhered to the opinion that the accident was the main factor in producing the disability. He defined a "neurotic hysterical reaction" as "a belief by the patient that he has the symptoms, even though there is no organic basis". He distinguished this from malingering, which he defined as "a conscious assumption of a condition known not to exist". He recognized the difficulty of distinguishing between the two but he was satisfied that the claimant was not malingering. However, he found no neurologic syndrome present and he was of the opinion that psychiatric treatment was not indicated. Furthermore, he expressed the opinion that a lump-sum settlement would "help as much as anything" and that the larger the amount of the settlement, the longer the claimant's improvement would last. In view of the paradoxical nature of the psychiatrist's testimony we do not believe that it can be made the basis of a finding of continued disability due to the accident. The case should be remitted to the board for further medical proof to determine whether the claimant is suffering from a psychiatric disability which is fairly attributable to the accident and not attributable to a desire to obtain compensation or to general worry about the claimant's financial prospects. Decision and award reversed, with costs to the appellants against the Workmen's Compensation Board, and the matter remitted to the board for further consideration. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.