■ In the Matter of the Claim of JERRY LAIUVARA, Respondent, v ANDREW CATAPANO Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed September 1, 1976. Claimant, a laborer, suffered chest pains on June 12, 1973 while at work. On June 14, 1973 claimant consulted a physician who confined him to bed for a period of time. He returned to work on June 25, 1973 but on June 29, 1973 near quitting time the chest pains returned and he was again confined to bed. Claimant filed a claim for compensation and it was held by a referee that claimant had sustained a coronary insufficiency on June 12, 1973. The claimant was thereafter awarded compensation for the period between June 13, 1973 through June 25, 1973. The board modified the referee's decision finding that claimant had sustained an exacerbation of his pre-existing fibrosis condition resulting in a

"temporary insufficiency at first, and a continuing disability due to the stress of his pulmonary condition." The board also found causal relationship to the chest and continued the case "for consideration of further disability and awards, if in order." On this appeal, appellants do not argue that the award of compensation for the period of June 13, 1973 to June 25, 1973 is improper. Upon review of the record we are of the opinion that substantial evidence supports the finding of claimant's causally related disability during the period of the award. Appellants argue, however, that the determination of the board concluding that claimant sustained a continuing disability due to the stress of his pulmonary condition is not supported by substantial evidence. Respondent board contends that no appeal lies from such determination in that the claim was not dismissed nor any award for a continuing disability made and, therefore, that part of the board's decision is not subject to appeal. We disagree. If the board's decision finding a continuing disability is allowed to stand it may be assumed that further awards will be made. Thus, in our view, this appeal is not academic and should not be dismissed (see *Matter of McDowell v La Voy,* 59 AD2d 995; *Matter of Raymond v Bolzar Bldrs.,* 3 AD2d 800). As to the merits of appellants' argument we find the record devoid of any evidence that claimant sustained a continuing disability. Consequently, that part of the board's decision which found that claimant had sustained a continuing disability due to the stress of his pulmonary condition is not supported by substantial evidence and should be reversed. Decision modified, by reversing so much thereof as found a continuing disability due to stress of claimant's pulmonary condition; matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.