■ J. Barrett Hickman, Appellant, v David Saunders et al., Respondents. [645 NYS2d 49]

The interpretation of a written agreement is within the province of the court and, if the language of the agreement is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 572-573; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *Weiner v Anesthesia Assocs.,* 203 AD2d 454). Generally, the contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed *(see, Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548; *Breed v Insurance Co.,* 46 NY2d 351, 355). However, in the absence of a claim for reformation, courts may as a matter of interpretation carry out the intentions of the parties by transposing, rejecting, or supplying words to make the meaning of the contract more clear *(see, Matter of Wallace v 600 Partners Co., supra,* at 547; *Castellano v State of New York,* 43 NY2d 909, 911; *Reape v New York News,* 122 AD2d 29, 30). Such an approach is appropriate only in those limited circumstances where some absurdity has been identified or the contract would otherwise be unenforceable *(see, Matter of Wallace v 600 Partners Co., supra,* at 547-548).

Here, paragraph 17 of the contract, as written, makes no sense. In order to carry out the intentions of the parties, the word "on" should be substituted for the word "or" as it appears the second time in paragraph 17 of the contract. By making this substitution, a sale's associate would be entitled to payment of his or her share of commissions "on all transactions completed prior to termination". Such an interpretation is the only logical reading of paragraph 17 of the contract. Thus, under the terms of the contract, the plaintiff is not entitled to any share of the commissions on transactions completed subsequent to his termination. Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.