■ ROBERT M. GOLD et al., Respondents, v NEW YORK STATE BUSINESS GROUP, INC., et al., Appellants. [724 NYS2d 102] —Rose,

---

J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered September 5, 2000 in Albany County, upon a decision of the court in favor of plaintiffs.

Plaintiffs commenced this action to quiet title to a parcel of real property in Albany County that plaintiff Robert M. Gold (hereinafter plaintiff) had acquired by deed in January 1988 and subsequently conveyed to his business, defendant New York State Business Group, Inc. (hereinafter NYSBG), in February 1988. The parties' dispute over ownership of the parcel arose after plaintiff sold all his interest in NYSBG to defendant Conference BG Corporation (hereinafter Conference BG) in April 1994 and later discovered that a further deed, prepared by plaintiff's attorney, Barry Gold, and purporting to transfer the property from NYSBG to plaintiff on December 21, 1988, had not been recorded.

During a two-day nonjury trial of the action, plaintiff testified that, on December 21, 1988 at Gold's office, he had executed the deed individually and in his capacity as president of NYSBG with the intent to convey title to the property from NYSBG to himself. Gold had prepared the deed with language stating that it was to correct an error created by the February 1988 transfer, but he later redacted this corrective language and withdrew from the transaction, expecting that others would complete it. Plaintiff asserted that the redaction occurred before he executed the deed and that, after signing, he was given a photocopy that contained no corrective language and he then left the original with Gold to record, just as Gold had done in connection with two earlier property transfers.

Following trial, Supreme Court decided the matter by adopting certain findings of fact and conclusions of law proposed by the parties. Specifically, Supreme Court found, *inter alia*, that there had been an effective execution and delivery of the unrecorded December 1988 deed, and concluded that plaintiffs are the owners of the property. A judgment was entered and defendants now appeal, arguing that Supreme Court's findings of fact and conclusions of law are against the weight of the evidence and that certain of the court's findings are inconsistent.

While this Court has a broad power of review in nonjury cases, " '[a] trial court's findings are not to be lightly set aside unless its conclusions could not have been reached based upon any fair interpretation of the evidence' " (*Silverman v Mergentime Corp. / J.F. White, Inc.*, 252 AD2d 925, 926, quoting *Osterhout v Mesivta Sanz of Hudson County*, 226 AD2d 893, 894). In addition, where "the findings of fact rest in large measure on the trial court's assessment of the credibility of witnesses, they

are entitled to deference" (*Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823; *see, Bracci v Hopper*, 274 AD2d 865, 867).

Here, each of the findings of fact leading to Supreme Court's conclusions of law find support in specific testimony and documents in the record. Both plaintiff and Gold testified at trial as to the circumstances surrounding execution of the December 21, 1988 deed. Each stated that plaintiff had signed a deed as grantor and grantee, and that his signature was properly acknowledged before a notary public. Both witnesses also confirmed that plaintiff had held the deed in his hands. The only material conflicts between these witnesses' accounts are whether the corrective language was redacted before or after the deed was executed, and whether completion of the transfer required some subsequent action by others. As these conflicting testimonies presented credibility issues to be resolved by Supreme Court, we find no merit in defendants' contention that Gold's testimony was improperly discounted (*see, Winkler v Kingston Hous. Auth., supra,* at 823). Similarly, we find defendants' evidence failed to overcome the presumption that a deed was delivered and accepted as of its date (*see, Whalen v Harvey*, 235 AD2d 792, 793, *lv denied* 89 NY2d 816), and Supreme Court correctly concluded that title was transferred when the executed deed was delivered by NYSBG and accepted by plaintiff (*see, e.g., Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372; *McLoughlin v McLoughlin*, 237 AD2d 336, 337).

However, Supreme Court did create an inconsistency by adopting paragraph 30 of plaintiff's proposed findings of fact, which states that plaintiff's deed did not contain corrective language when he left Gold's office, as well as paragraphs 33 and 34 of defendants' proposed findings of fact, which state that Gold redacted the deed's corrective language *after* plaintiff left his office. Nevertheless, when we view these findings of fact in the context of Supreme Court's entire decision, we must conclude that this inconsistency does not undermine the judgment because the execution, delivery and acceptance of the deed effectively conveyed title regardless of when Gold redacted the corrective language. As there is no dispute that Gold did redact the corrective language, these inconsistent findings of fact are irrelevant to the deed's validity and do not require any modification of the judgment.

On the other hand, Supreme Court's adoption of paragraph 35 of defendants' proposed findings of fact, which states that plaintiff later affirmed that NYSBG was the owner of the real property and that the December 1988 deed was abandoned,

must be nullified because it is inconsistent with the judgment and unsubstantiated in the record. While there is evidence that on December 21, 1988 plaintiff agreed to redaction of the corrective language and to thereby "abandon" the use of a corrective deed to effectuate the conveyance, there is no evidence that plaintiff abandoned the deed after the corrective language was redacted. Nor was there any testimony that plaintiff directed Gold not to record the executed deed or to otherwise nullify its effect as a conveyance. Further, we note that Supreme Court marked as "Not found" paragraphs 28 and 47 of defendants' findings of fact which stated, respectively, that plaintiff had agreed that the deed was abandoned and that the deed was abandoned by plaintiff. Finally, plaintiff's subsequent treatment of the property as an asset listed on his individual tax documents and its absence from the list of assets of NYSBG are evidence that there was no such abandonment (*see, Matter of Myers v Key Bank*, 68 NY2d 744, 746; *Cayea v Lake Placid Granite Co.*, 245 AD2d 659, 660; *Whalen v Harvey, supra*, at 793). Thus, Supreme Court's conclusion that the subject property was effectively conveyed to plaintiff by means of the December 21, 1988 deed was supported by evidence in the record and will not be disturbed.

Mercure, Mugglin and Lahtinen, JJ., concur; Cardona, P. J., not taking part. Ordered that the judgment is affirmed, with costs.