■ FERGUSON ELECTRIC COMPANY, INC., Plaintiff, v KENDAL AT ITHACA, INC., et al., Respondents, and TOUGHER INDUSTRIES, INC., Appellant, et al., Defendants. [754 NYS2d 588] —Lahtinen,

J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered January 17, 2002 in Tompkins County, upon a decision of the court in favor of defendant Christa Construction, Inc.

This is the third appeal (284 AD2d 643; 274 AD2d 890) brought by defendant Tougher Industries, Inc. in this action which arises out of a payment dispute for subcontract work that Tougher performed for defendant Christa Construction, Inc., the general contractor on a project to construct a nursing home in the City of Ithaca, Tompkins County. Tougher's action for money damages, raised as a cross claim in the instant action, was tried by Supreme Court without a jury in October 2001. The essential issue at trial, as properly framed by Supreme Court and limited by the parties' contract, was whether Christa's rejection of Tougher's claims for payment for work allegedly performed under the contract was "arbitrary, capricious or grossly erroneous to evidence bad faith." Finding that Christa acted reasonably in refusing to pay, Supreme Court dismissed Tougher's cross claims and awarded counsel fees to Christa.

Tougher appeals claiming that Christa violated its obligations under the contract by failing to make a conclusive decision on its claims for payment and by failing to give Tougher written notice of deficient work precluding a finding in Christa's favor. We disagree. Christa's project manager testified that Tougher knew of the deductions that Christa intended to make from the balance that Tougher claimed was due on the contract because of nonconforming work. In exercising our broad review power in nonjury cases, we acknowledge that Supreme Court accepted that "credible and convincing" testimony as evidence of Christa's compliance with the requirements of the contract and we find no reason to reject it (see *Bartz v Hewitt*, 296 AD2d 723, 724; *Gold v New York State Bus. Group,* 282 AD2d 988, 989-990; *Silverman v Mergentime Corp./J.F. White, Inc.*, 252 AD2d 925, 926; *Callanan Indus. v Olympian Dev.*, 225 AD2d 941, 942). Moreover, we find no contractual provision that required Christa to provide Tougher with a written explanation of its refusal to honor Tougher's request for payment where, as here, Christa accepted the nonconforming work and took "a credit for the non-conformity."

Since we find that Supreme Court properly dismissed Tougher's cross claim, we also affirm Supreme Court's award of counsel fees under the provision of the parties' contract that entitled the prevailing party "to recover from the other party reasonable attorney's and other professional fees and the costs and expenses incurred."

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.