■ JOHN SALVADOR, JR., et al., Appellants, v UNCLE SAM AUCTIONS & REALTY, INC., By and Through its Officer, RALPH F. PASSONNO, JR., Respondent. [819 NYS2d 116]—

Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered March 31, 2005 in Rensselaer County, upon a decision of the court in favor of defendant, and (2) from a judgment of said court, entered July 27, 2005 in Rensselaer County, which awarded counsel fees and disbursements.

This case involves a dispute over a real estate commission. The facts are set forth more fully in our prior decision (307 AD2d 609 [2003], *lv dismissed* 1 NY3d 566 [2003]). In that decision, we affirmed Supreme Court, finding triable issues as to whether defendant's president, Ralph F. Passonno, Jr., a real estate broker and auctioneer, acquiesced to plaintiffs withdrawing a parcel that they owned from an ongoing auction after a purchaser had offered more than the minimum purchase price previously approved by plaintiffs (*id.* at 611). A nonjury trial ensued, with Supreme Court finding that Passonno had objected to plaintiffs withdrawing the parcel and had informed them that if they withdrew the parcel they would still owe the commission provided in the contract. The amount of the disputed commission was determined to be $87,500, and Supreme Court also found that the parties' contract permitted the prevailing party to recover reasonable counsel fees. The court awarded defendant slightly over $44,500 in such fees. Plaintiffs appeal.

Plaintiffs' argument that Supreme Court's decision was not supported by the evidence is devoid of merit. Resolution of this case turned on credibility determinations of the varying versions of germane events set forth by the witnesses. "On our review of a verdict after a bench trial, we independently review the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where . . . they rest largely upon credibility assessments" (*Martin v Fitzpatrick*, 19 AD3d 954, 957 [2005] [citations omitted]; *see Gold v New York State Bus. Group*, 282 AD2d 988, 989-990 [2001]). Here, Supreme Court found Passonno's testimony credible and resolved the key factual disputes in favor of defendant. Upon review of the record, we discern no reason to depart from the court's determinations.

Plaintiffs further contend that Supreme Court's decision contained inconsistencies and thus must be reversed. We cannot agree. The court marked as "found" or "not found" various proposed findings submitted by the parties and, read in their entirety, such marked findings do not contain material conflicts and the findings accepted by the court support its ultimate determinations (*see Gold v New York State Bus. Group, supra* at 990). Moreover, we find no reversible grounds in the purported evidentiary errors that plaintiffs assert occurred during the trial.

We agree with Supreme Court that an award of counsel fees was authorized by the contract, and we note that plaintiffs had the assistance of counsel in reviewing and amending the contract. Defendant requested fees of approximately $58,250 and the court awarded about $44,500. While such an award would generally be high in light of the straightforward issues implicated, the excess legal work resulted in large part from unavailing and often unnecessary paths pursued and tactics employed by plaintiffs. Hence, we decline to reduce the amount of counsel fees awarded.

Defendant's request for appellate counsel fees—raised in its brief and purportedly supported by an appendix attached to the brief—"should be directed to the court of original instance" (*Matter of Urbach v Krouner*, 213 AD2d 833, 836 [1995]; *see Data-Track Account Servs. v Lee*, 294 AD2d 960, 960 [2002]).

The remaining arguments raised by plaintiffs have been considered and found meritless.

Spain, J.P., Carpinello and Mugglin, JJ., concur. Ordered that the judgments are affirmed, with costs.