■ ELLA JAMPOLSKAYA, Respondent, v VICTOR GOMELSKY, P.C., et al., Appellants. [828 NYS2d 527]—In an action to recover damages for legal malpractice, the defendants Victor Gomelsky, P.C., and Victor Gomelsky appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated March 11, 2005, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of li-

ability against them, and the defendants Salvador Tuy, Tomas Prado, and Prado & Tuy appeal from so much of the same order as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against them.

Ordered that the appeal by the defendants Salvador Tuy, Tomas Prado, and Prado & Tuy is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the defendants Victor Gomelsky, P.C., and Victor Gomelsky, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from by the defendants Victor Gomelsky, P.C., and Victor Gomelsky, without costs or disbursements.

The defendants Salvador Tuy, Tomas Prado, and Prado & Tuy failed to oppose the plaintiff's cross motion. Thus, their appeal must be dismissed since no appeal lies from an order made upon the default of the aggrieved party (see CPLR 5511). The proper procedure would have been to move to open the default and vacate the order dated March 11, 2005 and, if necessary, appeal from the denial of the motion to vacate (see Grober v Busigo, 133 AD2d 389 [1987]; Imor v Imor, 114 AD2d 552 [1985]; Calvagno v Nationwide Mut. Fire Ins. Co., 110 AD2d 741 [1985]).

In response to the plaintiff's showing of her entitlement to summary judgment on the issue of liability against the defendants Victor Gomelsky, P.C., and Victor Gomelsky (hereinafter the Gomelsky defendants), the Gomelsky defendants raised a triable issue of fact. Accordingly, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the Gomelsky defendants should have been denied (see Mishaan v Tobias, 32 AD3d 1000 [2006]; Green Apple Mgt. Corp. v Aronis, 22 AD3d 462, 463 [2005]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Mastro, J.P., Krausman, Florio and Covello, JJ., concur.