■ MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Respondent, v CHRISTOPHER SCHUH et al., Appellants, et al., Defendants. [852 NYS2d 403]—

Rose, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered October 5, 2004 in Saratoga County, which, among other things, granted plaintiff's motion for summary judgment, (2) from a judgment of said court, entered January 21, 2005 in Saratoga County, directing the sale of certain real property owned by defendants Christopher Schuh and Diane Schuh, (3) from an order of said court, entered November 21, 2005 in Saratoga County, which denied said defendants' motion to vacate a default judgment entered against them, (4) from an order of said court, entered August 25, 2006 in Saratoga County, which denied said defendants' motion for reconsideration, and (5) from that part of an amended order of said court, entered January 30, 2007 in Saratoga County, as modified by an order entered March 6, 2007 in Saratoga County, which ordered certain distributions to said defendants' creditors.

In 2004, plaintiff commenced this mortgage foreclosure action, alleging that, by an assignment to it as nominee, it was the holder of a note executed by defendants Christopher Schuh and Diane Schuh (hereinafter collectively referred to as defendants) and a mortgage executed by Christopher Schuh, and that defendants were in default in paying on the note. The summons and complaint were received by defendants as a result of service made pursuant to CPLR 308 (2) at their residence, which is the property subject to the mortgage. In response, defendants sent plaintiff a "reply" that denied plaintiff's allegations. Treating the reply as an answer, plaintiff moved for summary judgment, serving notice of the motion by mail to the street address of the mortgaged property. When defendants failed to respond, Supreme Court granted the motion and a judgment was entered on January 21, 2005. Defendants later moved to vacate their default on the grounds that they were not properly served with the motion for summary judgment and had defenses to plaintiff's claims. Supreme Court denied their motion. During the following 15 months, defendants made motions for reconsideration and stays of the foreclosure sale that were denied. Ultimately, defendants elected to redeem the prop-

erty and received a discharge of mortgage. Defendants now appeal.[1]

Initially, we must dismiss the appeals from the order granting summary judgment and the judgment of foreclosure and sale because they were entered upon defendants' default in failing to oppose plaintiff's motion and, thus, they are not appealable (*see* CPLR 5511; *Jampolskaya v Victor Gomelsky, P.C.*, 36 AD3d 761, 762 [2007]; *Friedman v Starwood Hotels & Resorts World Wide, Inc.*, 26 AD3d 161, 162 [2006]; *Farhadi-Jou v Key Bank of N.Y.*, 2 AD3d 1041, 1042 [2003]). Nor can defendants appeal from the order entered August 25, 2006, which denied reconsideration of their motion to vacate. Because they failed to present any new facts or change in the law that would require a different determination, we view defendants' motion as one for reargument, rather than renewal, and no appeal may be taken from the denial of a motion to reargue (*see e.g. Fitzgerald v Adirondack Tr. Lines, Inc.*, 23 AD3d 907, 909 n [2005]). We do agree, however, that defendants' redemption of the property by paying the amount of the judgment does not terminate their right to appeal from the order denying their motion to vacate (*see Matter of Seagroatt Floral Co. [Riccardi]*, 78 NY2d 439, 448 n [1991]; *Matter of Raymond v Bolzar Bldrs.*, 3 AD2d 800, 800 [1957]).

Nonetheless, we are not persuaded by defendants' contention that plaintiff's motion was not properly served and, thus, their motion to vacate should have been granted. Inasmuch as defendants were self-represented when they served their reply, service of plaintiff's motion upon them was governed by CPLR 2103 (c) and should have been made by mail to either an address they designated or their last known address (*see* CPLR 2103 [b] [2]). Although defendants cite the post office box address on the certified mail return receipt card used to notify them of plaintiff's receipt of their reply, no address was stated on the reply or otherwise designated in any writing for service of future papers. Nor is there anything to indicate that plaintiff's counsel saw the address on the return receipt, which is ordinarily not seen by the recipient because it is removed and returned to the sender by postal service personnel. In the absence of a designated address, service was to be made at defendants' "last known address" (CPLR 2103 [b] [2]; *see Donohue v La Pierre*, 99 AD2d 570, 570 [1984]). Plaintiff was

---

1. While we have taken judicial notice of the amended complaint and its exhibits in defendants' federal action, we have not considered any of the materials contained in defendants' "supplemental addendum" that were not part of the record before Supreme Court.

justified in sending the motion papers to defendants' residence here, even if it was aware of defendants' post office box, particularly since that was the address designated in the mortgage for the service of notice, and the summons and complaint had been successfully received by defendants after service at that address.[2] Although defendants allege that they do not receive mail at their residence, they have provided no evidence that the postal service will not deliver mail addressed to them there.

Given the presumption of service created by plaintiff's submission of an affidavit of service of its summary judgment motion, defendants' mere denial of receipt fails to constitute a reasonable excuse for their default (see Sarva v Chakravorty, 14 AD3d 689, 690 [2005]). As Supreme Court noted, defendants also failed to allege a meritorious defense since they admit not making payments as required by the mortgage and did no more than raise speculative and conclusory challenges to plaintiff's standing to prosecute the foreclosure action. Finally, as for defendants' challenge to the amount due, we note that this would not have been a defense to the motion for summary judgment, but only a factor to be reconciled in the referee's or court's calculation of the amount owed. Accordingly, we find that Supreme Court properly denied defendants' motion to vacate the order granting summary judgment.

We have considered defendants' remaining contentions, including its request that this Court vacate the judgment of foreclosure and then deem the action to be moot due to their redemption, and find them to be without merit.

Mercure, J.P., Peters, Lahtinen and Kavanagh, JJ., concur. Ordered that the appeals from the orders entered October 5, 2004 and August 25, 2006, and the judgment entered January 21, 2005 are dismissed, without costs. Ordered that the order entered November 21, 2005 and the amended order entered January 30, 2007, as modified by an order entered March 6, 2007, are affirmed, without costs.

---

**2.** While the mortgage misstated the town and zip code of the mortgaged premises, there is no dispute that the intent was to designate the mortgaged premises and that plaintiff's motion papers were mailed to the actual address of the premises.