■ CORNELL HOLDINGS, LLC, Plaintiff, v WOODLAND CREEK ASSOCIATES, LLC, Defendant and Third-Party Plaintiff-Respondent, and WHITE HILL ESTATES, INC., Appellant, et al., Defendants. RONALD B. DURNING SR. et al., Third-Party Defendants-Appellants. [882 NYS2d 586]—

McCarthy, J. Appeals (1) from an order of the Supreme Court (Czajka, J.), entered February 25, 2008 in Columbia County, which awarded damages to defendant Woodland Creek Associates, LLC, and (2) from a judgment of said court, entered August 13, 2008 in Columbia County, upon a decision of the court in favor of said defendant.

In April 2004, defendant White Hill Estates, Inc., of which defendants Ronald B. Durning Sr. and Riccardo Boehm were principals, held title to a large tract of property in Columbia County. Even though the property was already under contract to be purchased by another entity, Durning and Boehm entered into a two-page "deposit receipt and sales agreement" with defendant Woodland Creek Associates, LLC to sell it for $1.1 million. Ultimately, the property was sold to the original contracting purchaser, and Woodland Creek sued White Hill for fraud and Durning and Boehm for, as now relevant, breach of contract.

White Hill defaulted on the fraud claim, and Woodland Creek was granted partial summary judgment on the issue of liability with respect to the breach of contract claim against Durning and Boehm. A trial on damages was thereafter held following which Supreme Court awarded Woodland Creek $889,510 in lost future profits, plus interest, against White Hill, Durning and Boehm. This appeal ensued. Based upon our review of the proof adduced at trial, we find that Woodland Creek failed to submit sufficient proof to support a determination that the parties contemplated, prior to or at the time of the contract, an assumption by Durning and Boehm for liability for future lost profits (*see Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]; *Kenford Co. v County of Erie*, 73 NY2d 312, 321 [1989]; *Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]). We, therefore, modify the order and judgment by reversing so much thereof as awarded damages for lost future profits, plus interest, against Durning and Boehm.

In order to prove entitlement to damages for lost future profits as a result of a breach of contract, the requirements are stringent (*see id.*; *see also Travellers Intl., A.G. v Trans World Airlines, Inc.*, 41 F3d 1570, 1577 [2d Cir 1994]; *Trademark*

*Research Corp. v Maxwell Online, Inc.*, 995 F2d 326, 332 [2d Cir 1993]). Thus here, Woodland Creek bore the burden of demonstrating that its claimed damages were attributable to breach of the subject real estate contract, were capable of measurement with a reasonable degree of certainty and were reasonably within the contemplation of the parties when the contract was made (*see Ashland Mgt. v Janien*, 82 NY2d at 403; *Kenford Co. v County of Erie*, 73 NY2d at 319; *Kenford Co. v County of Erie*, 67 NY2d at 262; *Route 7 Mobil v Machnick Bldrs.*, 296 AD2d 809, 810 [2002], *lv denied* 99 NY2d 501 [2002]). Even assuming that Woodland Creek's evidence was sufficient to demonstrate that it could calculate its lost profits with reasonable certainty, the evidence did not establish that such profits were reasonably within the contemplation of the parties at the time they entered into the contract (*see Spherenomics Global Contact Ctrs. v vCustomer Corp.*, 427 F Supp 2d 236, 252 [2006]; *EPN Ingenieria S.A. De C.V. v General Elec. Co.*, 1996 WL 531867, 1996 US Dist LEXIS 13687 [SD NY 1996, 92 Civ 1563, Wood, J.], *affd* 116 F3d 465 [2d Cir 1997]).

To be sure, no provision of the contract states or remotely suggests that Durning and Boehm were undertaking a contractual responsibility for Woodland Creek's lost future profits in the event of a breach (*see Trademark Research Corp. v Maxwell Online, Inc.*, 995 F2d at 334; *cf. Ashland Mgt. v Janien*, 82 NY2d at 405; *Haven Assoc. v Donro Realty Corp.*, 121 AD2d 504, 505-508 [1986], *lv denied* 69 NY2d 602 [1986]). Nor did Woodland Creek present any other proof demonstrating that the parties, at any relevant time, reasonably contemplated that Durning and Boehm were undertaking an assumption of liability for lost future profits (*see Trademark Research Corp. v Maxwell Online, Inc.*, 995 F2d at 334). The circumstances surrounding the real estate contract were established solely through the testimony of Woodland Creek's operating manager, Edward Chilson.

According to Chilson, he learned about the White Hill property in early April 2004, went to visit the site the next day and made an offer that very same day.* Notably absent was any testimony concerning negotiations relating to the contract terms or any conversation with anyone, particularly Durning and Boehm, about expectations of liability in the event of a breach (*see Trademark Research Corp. v Maxwell Online, Inc.*, 995 F2d at 334; *EPN Ingenieria S.A. De C.V. v General Elec. Co.*, *supra*; *Dupont Flooring Sys., Inc. v Discovery Zone, Inc.*, 2004 WL 1574629, 2004 US Dist LEXIS 13149 [SD NY 2004, 98 Civ 5101,

---

* Chilson knew the property was an approved subdivision very near completion, thus warranting relatively little effort on his part to develop and resell.

Stein, J.]). While Woodland Creek's proof certainly established that it was purchasing the property for development and resale purposes, and further that it expected to generate a profit as a result of the transaction, this proof was simply not adequate to demonstrate that the parties contemplated liability for lost future profits in the event of a breach (*see Kenford Co. v County of Erie*, 73 NY2d at 321; *Trademark Research Corp. v Maxwell Online, Inc.*, 995 F2d at 334; *Great Earth Intl. Franchising Corp. v Milks Dev.*, 311 F Supp 2d 419, 434-435 [2004]). To hold otherwise would read such special damages into every like real estate contract, a result which would be inimical to the very limitations imposed by the Court of Appeals in *Kenford Co. v County of Erie* (67 NY2d at 261-262) and its progeny (*see Great Earth Intl. Franchising Corp. v Milks Dev.*, 311 F Supp 2d at 434-435).

Notwithstanding our conclusion that the damage award itself is not sustainable, we will not disturb Supreme Court's award of counsel fees to Woodland Creek. Woodland Creek prevailed on the issue of liability for breach of contract thus entitling it to reasonable counsel fees under the real estate contract (*see e.g. Salvador v Uncle Sam Auctions & Realty, Inc.*, 30 AD3d 861, 862 [2006]; *Ferguson Elec. Co. v Kendal At Ithaca*, 302 AD2d 709, 710 [2003]).

As a final matter, we find that White Hill's appeal must be dismissed. White Hill defaulted and is thus precluded from taking a direct appeal from the judgment (*see* CPLR 5511; *Hartwich v Young*, 149 AD2d 762, 765 [1989], *lv denied* 75 NY2d 701 [1989]; *Imor v Imor*, 114 AD2d 552, 552-553 [1985]). Its only remedy is a motion to vacate the judgment and, if necessary, to appeal from the denial thereof (*see Hartwich v Young*, 149 AD2d at 765; *Imor v Imor*, 114 AD2d at 553).

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the appeal by defendant White Hill Estates, Inc. is dismissed, without costs. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as awarded damages to defendant Woodland Creek Associates, LLC for lost profits, plus interest, against defendants Ronald B. Durning Sr. and Riccardo Boehm, and, as so modified, affirmed.