■ MARIANNE ROSNER, Respondent, v ANDREW ROSNER, Appellant. [902 NYS2d 592]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Brown, J.), dated December 11, 2008, which, inter alia, directed a hearing to aid in the disposition of that branch of the plaintiff's motion which was to hold him in contempt of court for failure to comply with an order of the same court (Ayres, J.), dated December 18, 2007, and denied those branches of his cross motion which were, in effect, for leave to reargue his opposition to the plaintiff's prior motion for certain pendente lite relief, which had been determined in the order dated December 18, 2007, and for a downward modification of his pendente lite obligations to pay certain household and medical expenses.

Ordered that the appeal from so much of the order dated December 11, 2008, as directed a hearing to aid in the disposition of that branch of the plaintiff's motion which was to hold the defendant in contempt for failure to comply with the order dated December 18, 2007, is dismissed; and it is further,

Ordered that the appeal from so much of the order dated December 11, 2008, as denied that branch of the defendant's cross motion which was, in effect, for leave to reargue his opposition to the plaintiff's prior motion for certain pendente lite relief is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 11, 2008, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from so much of the order dated December 11, 2008, as directed a judicial hearing to aid in the disposition of the plaintiff's motion to hold the defendant in contempt must be dismissed, since that portion of the order is not appealable as of right, as it did not determine that branch of the motion and did not affect a substantial right (*see Astrada v Archer*, 71 AD3d

803 [2010]; *Spence v Jones*, 51 AD3d 771 [2008]), and leave to appeal from that portion of the order has not been granted.

With regard to that branch of the defendant's cross motion which was for downward modification of his pendente lite obligations to pay certain household and medical expenses, " '[m]odifications of pendente lite awards should be sparingly made and then only under exigent circumstances such as where a party is unable to meet his or her own needs, or the interests of justice otherwise require relief' " (*Lueker v Lueker*, 72 AD3d 655, 656 [2010], quoting *Campanaro v Campanaro*, 292 AD2d 330, 331 [2002]). "Absent demonstration of grounds for modification, perceived inequities in pendente lite orders are best addressed via a speedy trial at which the parties' economic circumstances may thoroughly be explored" (*Levine v Levine*, 19 AD3d 374, 377 [2005]; *see Levy v Levy*, 72 AD3d 651 [2010]; *Najac v Najac*, 12 AD3d 579 [2004]). Here, the defendant failed to demonstrate entitlement to a downward modification of his pendente lite obligations to pay certain household and medical expenses (*see Levine v Levine*, 19 AD3d at 377). Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion which was for a downward modification of his pendente lite obligations to pay certain household and medical expenses.

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.