██ ALLAN J. ROSS et al., Appellants, v STEVEN SHERMAN et al., Respondents. [944 NYS2d 620]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Alfieri, J.), dated January 12, 2011, as, after a nonjury trial, awarded them only nominal damages of $1 on the cause of action alleging breach of contract and denied their motion for an attorneys' fee.

Ordered that the order and judgment is modified, on the facts, by deleting the provision thereof denying the plaintiffs' motion for an attorneys' fee and substituting therefor a provision granting the motion; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a hearing to determine the amount of a reasonable attorneys' fee to be paid to the plaintiffs.

The Supreme Court properly awarded the plaintiffs only nominal damages on their cause of action alleging breach of contract. The plaintiffs failed to submit sufficient evidence to demonstrate actual damages as a result of the defendants' breach of contract (see *Rakylar v Washington Mut. Bank*, 51 AD3d 995, 996 [2008]; *Standard Fed. Bank v Healy*, 7 AD3d 610, 612 [2004]; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.*, 88 AD2d 461, 469 [1982]).

However, the Supreme Court incorrectly denied the plaintiffs' motion for an attorneys' fee. The contract at issue stated that each party agreed to pay the attorneys' fee of the "losing party" in the event of litigation. At trial, the Supreme Court correctly acknowledged that this amounted to an ambiguity and ruled that, pursuant to the terms of the contract, the *prevailing* party would recover an attorney's fee. The Court, however, denied the motion on the ground that the plaintiffs failed to make a claim for reformation of the contract. While this is true, "in the absence of a claim for reformation, courts may as a matter of interpretation carry out the intentions of the parties by transposing, rejecting, or supplying words to make the meaning

of the contract more clear" (*Hickman v Saunders*, 228 AD2d 559, 560 [1996]; *see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]). Such an approach is appropriate where, as here, "some absurdity has been identified" (*Hickman v Saunders*, 228 AD2d at 560) and an attorneys' fee would be awarded to the losing party.

Thus, as the plaintiffs prevailed on the issue of liability for breach of contract, they were entitled to a reasonable attorneys' fee (*see Matter of Wallace v 600 Partners Co.*, 86 NY2d at 547-548; *Cornell Holdings, LLC v Woodland Cr. Assoc., LLC*, 64 AD3d 1020, 1023 [2009]). Accordingly, the matter is remitted to the Supreme Court, Orange County, for a hearing to determine the amount of a reasonable attorneys' fee to be paid to the plaintiffs. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.