■ GAIL BAROUH, as a Shareholder and on Behalf of All Other Shareholders of BAROUH EATON ALLEN CORP. and in the Right of BAROUH EATON ALLEN CORP., Respondent, v RICHARD BAROUH, Individually and as Executor of VICTOR BAROUH, Deceased, et al., Appellants, et al., Defendants. [975 NYS2d 901]—

In a shareholders' derivative action, inter alia, for an accounting, the defendants Richard Barouh, individually and as executor of the estate of Victor Barouh, Robert Barouh, Kathleen Cicchetti, Zoila Moreira, and Richard Rodrigo appeal, and the defendant Barouh Eaton Allen Corp. separately appeals, (1) from an amended order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 8, 2011, which, inter alia, directed a hearing to aid in the disposition of a motion of the defendant Barouh Eaton Allen Corp. pursuant to CPLR 3103 (c) to dismiss the complaint insofar as asserted against it, and (2), as limited by their respective briefs, from so much of an order of the same court dated December 23, 2011, as, after a hearing, denied the motion.

Ordered that the appeals from the amended order dated August 8, 2011, are dismissed; and it is further,

Ordered that the order dated December 23, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the appellants appearing separately and filing separate briefs.

The plaintiff commenced this shareholders' derivative action against, among others, the defendant Barouh Eaton Allen Corp. (hereinafter BEA). BEA moved pursuant to CPLR 3103 (c) to

dismiss the complaint insofar as asserted against it, arguing that the plaintiff improperly retained BEA's former counsel to represent her in this action, which "poisoned" the litigation. The Supreme Court, in an amended order dated August 8, 2011, inter alia, directed that a hearing be conducted on this issue. Following the hearing, the Supreme Court, in an order dated December 23, 2011, denied the motion to dismiss.

The appeals from the amended order dated August 8, 2011, must be dismissed, as that amended order was superseded by the order dated December 23, 2011. In any event, an "order directing a hearing to aid in the determination of a motion does not dispose of the motion and does not affect a substantial right, and therefore is not appealable as of right" (*Kornblum v Kornblum*, 34 AD3d 749, 751 [2006]; *see* CPLR 5701 [a] [2] [v]; *US Bank N.A. v Cange*, 96 AD3d 825, 826 [2012]; *Iodice v City of White Plains*, 60 AD3d 730 [2009]), and leave to appeal from the amended order dated August 8, 2011, was not granted.

In the order dated December 23, 2011, the Supreme Court properly denied the motion to dismiss. CPLR 3103 governs the subject of "protective orders" for disclosure abuses and confers broad discretion upon a court, inter alia, to fashion appropriate remedies for abuses that have already occurred (*see* CPLR 3103 [c]; *Lipin v Bender*, 84 NY2d 562, 570 [1994]). Although a court has the authority to grant dismissal pursuant to CPLR 3103 (c) for a disclosure abuse, "the extreme measure of dismissal . . . would require serious prejudice to the affected party, irremediable by less drastic steps" (*Lipin v Bender*, 84 NY2d at 572). Here, BEA failed to establish that the plaintiff's actions were improper or that it was seriously prejudiced by such actions. Rivera, J.P., Angiolillo, Hall and Cohen, JJ., concur. **[Prior Case History: 2011 NY Slip Op 32141(U).]**