■ STEVEN J. GENTILE, Respondent, v GARRETT COBB GENTILE, Appellant. [7 NYS3d 525]—

Appeal from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated February 13, 2013. The order denied the defendant's motion for an interim attorney's fee.

Ordered that the order is affirmed, with costs.

The parties entered into a separation agreement that incorporated an antenuptial agreement, which provided that the parties would individually pay their respective legal fees in any subsequent matrimonial action. In this matrimonial action, the Supreme Court denied the defendant's motion for an interim attorney's fee. The defendant appeals.

The enforceability of a provision of an antenuptial agreement waiving the right to seek an award of an attorney's fee presents a clash of two competing public policies—that in favor of resolving marital issues by agreement and that in favor of assuring that matrimonial matters are determined by parties operating on a level playing field (*see generally Kessler v Kessler*, 33 AD3d 42, 45 [2006]). Thus, the determination of whether to enforce an agreement waiving the right of either spouse to seek an award of an attorney's fee is to be made by the trial court on a case by case basis, after weighing the competing interests, in light of all relevant facts and circumstances (*see Abramson v Gavares*, 109 AD3d 849, 851 [2013]; *Kessler v Kessler*, 33 AD3d 42, 48 [2006]).

Here, the Supreme Court did not err in enforcing the provision of the parties' antenuptial agreement waiving the right to seek an award of an attorney's fee (*see Meehan v Meehan*, 245 AD2d 350, 351 [1997]). Moreover, contrary to the defendant's contention, an indemnification provision in the agreement did not give rise to an instance where an award of an attorney's fee would be contractually required (*see Matter of Berns v Halberstam*, 46 AD3d 808 [2007]). While the defendant correctly contends that the court erred in reforming the indemnification provision of the agreement so as to provide that only a prevailing party may be entitled to an attorney's fee (*see id.* at 809; *cf. Ross v Sherman*, 95 AD3d 1100 [2012]; *Hickman v Saunders*, 228 AD2d 559 [1996]), the indemnification provision did not apply in the circumstances presented. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.