■ ROBERT WALKER, Appellant, v STATE OF NEW YORK, Respondent. [54 NYS3d 322]—

Peters, P.J. Appeal from an order of the Court of Claims (Milano, J.), entered July 10, 2015, which, among other things, granted defendant's cross motion for partial summary judgment.

On March 23, 2012, claimant, an inmate at Upstate Correctional Facility, was placed in a cell with fellow inmate Kareem Jackson. Shortly thereafter, Jackson allegedly attacked claimant, who suffered injuries as a result. Claimant commenced this action alleging, insofar as is relevant here, that defendant was negligent in its decision to house claimant and Jackson in the same cell. Following joinder of issue, claimant moved for summary judgment on the issue of liability. Defendant opposed claimant's motion and cross-moved for partial summary judgment dismissing claimant's common-law negligence cause of action on the ground of governmental immunity. The Court of Claims denied claimant's motion and granted defendant's cross motion. Claimant appeals.

Defendant argues, and we agree, that this appeal must be dismissed because claimant defaulted by failing to oppose its cross motion. "[I]t is well settled that no appeal lies from an order that is entered upon the default of the appealing party" (*Matter of Rottenberg v Clarke*, 144 AD3d 1627, 1627 [2016]; *see* CPLR 5511; *Adotey v British Airways, PLC*, 145 AD3d 748, 749 [2016]; *Cornell Holdings, LLC v Woodland Cr. Assoc., LLC*, 64 AD3d 1020, 1023 [2009]). Here, claimant failed to oppose defendant's cross motion for partial summary judgment seeking to dismiss his common-law negligence cause of action (*see Britt v Buffalo Mun. Hous. Auth.*, 109 AD3d 1195, 1195-1196 [2013]; *Jampolskaya v Victor Gomelsky, P.C.*, 36 AD3d 761, 762 [2007]; *cf. James v Powell*, 19 NY2d 249, 256 n 3 [1967]).* The fact that the Court of Claims, while noting claimant's default, reviewed the cross motion on the merits is of no consequence, and claimant's sole remedy was to move to vacate the order entered upon his default (*see* CPLR 5015 [a] [1]; *Matter of Susan UU. v Scott VV.*, 119 AD3d 1117, 1118 n 3 [2014]; *Britt v Buffalo Mun. Hous. Auth.*, 109 AD3d at 1196). Accordingly, this appeal must be dismissed (*see Cornell Holdings, LLC v Woodland Cr. Assoc., LLC*, 64 AD3d at 1023; *Mortgage Elec. Registration Sys., Inc. v Schuh*, 48 AD3d 838, 840 [2008], *appeal dismissed* 10 NY3d 951 [2008]; *Jampolskaya v Victor Gomelsky, P.C.*, 36 AD3d at 762).

Garry, Lynch, Clark and Aarons, JJ., concur. Ordered that the appeal is dismissed, without costs.

---

* We note that, although claimant is appearing pro se on this appeal, he was represented by counsel throughout the proceedings in the Court of Claims.