■ In the Matter of the Arbitration between MOSHE FRIEDMAN, Respondent, and SALMEN LOKSEN, Also Known as ZALMAN LOKSHIN, Appellant. [64 NYS3d 925]—

Aarons, J. Appeal from an order of the Supreme Court (Schick, J.), entered September 28, 2015 in Sullivan County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

In 2014, petitioner and respondent arbitrated a labor and services dispute before a rabbinical tribunal. After the tribunal rendered a decision in petitioner's favor, in June 2015, petitioner commenced this proceeding to confirm the arbitration award. The petition was made returnable on August 11, 2015. In July 2015, respondent moved for an extension of time to answer the petition to October 11, 2015, noting that petitioner's counsel consented to an extension only to August 18, 2015. In a July 2015 order, Supreme Court denied the motion for an extension of time. Respondent thereafter attempted to respond by way of a cross motion to vacate the arbitration award. In a September 2015 order, Supreme Court granted the petition and noted that respondent failed to properly serve or file responsive papers. Respondent appeals.

The appeal from the September 2015 order must be dismissed

because a party cannot appeal from an order entered upon his or her default (*see* CPLR 5511; *Walker v State of New York*, 151 AD3d 1315, 1316 [2017]; *M & C Bros., Inc. v Torum*, 75 AD3d 869, 870 [2010]). In its order, Supreme Court stated that there were no opposition papers by respondent and that it considered only petitioner's petition to confirm and the supporting papers. The record further reveals that it was explained to respondent on multiple occasions that his cross motion to vacate was not before the court because it was neither paid for nor properly filed. In light of respondent's failure to timely or properly submit any formal papers in response to the petition to confirm (*cf. Thermo Spas v Red Ball Spas & Baths*, 199 AD2d 605, 606 [1993]; *Hartwich v Young*, 149 AD2d 762, 765 [1989], *lv denied* 75 NY2d 701 [1989]), the order granting the petition was entered upon the default of respondent. The fact that Supreme Court considered the merits of the petition does not alter this conclusion (*see Walker v State of New York*, 151 AD3d at 1316; *Matter of Susan UU. v Scott VV.*, 119 AD3d 1117, 1118 n 3 [2014]; *Putrino-Weiser v Sharf*, 272 AD2d 894, 895 [2000]). Inasmuch as respondent's recourse lies in a motion to vacate the default (*see Matter of Jesse DD. v Arianna EE.*, 150 AD3d 1426, 1427 [2017]; *M & C Bros., Inc. v Torum*, 75 AD3d at 870), the appeal must be dismissed. Respondent's remaining contentions, to the extent that they have not been rendered academic by our determination, have been considered and lack merit.

Peters, P.J., Garry, Devine and Clark, JJ., concur. Ordered that the appeal is dismissed, without costs.