Perry v McMahan (2018 NY Slip Op 06283)





Perry v McMahan


2018 NY Slip Op 06283


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-11421
 (Index No. 14070/07)

[*1]Susie McMahan Perry, also known as Leslie Susan Perry, as personal representative of the estate of David Bruce McMahan, respondent, 
v
Elena McMahan, appellant.


Law Office of Yonatan S. Levoritz, P.C., Brooklyn, NY (Michael Zappi of counsel), for appellant.
Belowich & Walsh LLP, White Plains, NY (Brian T. Belowich and Kerry Ford Cunningham of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated September 15, 2016. The order, insofar as appealed from, directed a hearing to determine the amount of the plaintiff's costs that had accrued as of the date of the defendant's offer pursuant to CPLR 3220 to settle the action, directed a hearing on the necessity and reasonableness of the attorneys' fees sought by the plaintiff's decedent which were incurred after May 11, 2016, and awarded the plaintiff nominal damages for breach of contract in the sum of $1.
ORDERED that the appeal from so much of the order as directed a hearing to determine the amount of the plaintiff's costs that had accrued as of the date of the defendant's offer pursuant to CPLR 3220 to settle the action, and directed a hearing on the necessity and reasonableness of the attorneys' fees sought by the plaintiff's decedent which were incurred after May 11, 2016, is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from so much of the order as directed a hearing to determine the amount of the plaintiff's costs that had accrued as of the date of the defendant's offer pursuant to CPLR 3220 to settle the action and directed a hearing on the necessity and reasonableness of the attorneys' fees sought by the plaintiff's decedent which were incurred after May 11, 2016, must be dismissed. That portion of the order did not affect a substantial right and is not appealable as of right, and leave to appeal has not been granted (see CPLR 5701[a][2][v]; Barouh v Barouh, 112 AD3d 572; Rosner v Rosner, 73 AD3d 1151).
The underlying facts are summarized on a companion appeal (see Perry v McMahan, _____ AD3d _____ [Appellate Division Docket No. 2016-01356; decided herewith]). This is a [*2]plenary action brought by the plaintiff's decedent (hereinafter the plaintiff) to recover damages for the defendant's alleged breach of a confidentiality provision of the parties' settlement agreement in their action for divorce. On May 11, 2016, just before a trial on the issue of liability on the plaintiff's cause of action to recover damages for breach of the confidentiality provision was to begin, the parties entered into an on-the-record stipulation in which the defendant admitted that she materially breached the confidentiality provision of the settlement agreement in the matrimonial action, and that she was responsible for $1,000,000 of the plaintiff's attorneys' fees. The action proceeded to trial on the issue of damages, and the jury found that the plaintiff suffered no damages from the breach of the confidentiality provision.
The defendant acknowledged that she breached the confidentiality provision of the parties' settlement agreement. In breach of contract actions, actual damages are not an essential element, and nominal damages are recoverable to vindicate contract rights (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 143; Ross v Sherman, 95 AD3d 1100).
Accordingly, we agree with the Supreme Court's determination to award nominal damages to the plaintiff.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court