GS Brooklyn Apts., LLC v Roberts (2019 NY Slip Op 07058)





GS Brooklyn Apts., LLC v Roberts


2019 NY Slip Op 07058


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2015-11479
2015-11490
2016-11488
 (Index No. 33167/08)

[*1]GS Brooklyn Apts., LLC, plaintiff,
v
Denyse Roberts, et al., defendants; Meryl Robertson, as executor of the estate of Jay Berman, nonparty-appellant; Terry Smith, nonparty-respondent. (Appeal No. 1)
GS Brooklyn Apts., LLC, plaintiff-respondent,
v
Denyse Roberts, defendant-respondent, et al., defendants; Meryl Robertson, as executor of the estate of Jay Berman, et al., nonparty-appellants. (Appeal Nos. 2 and 3)


Wenig Saltiel LLP, Brooklyn, NY (Jeffrey L. Saltiel, nonparty-appellant pro se, and Nicholas G. Yokos of counsel), for nonparty-appellants.



DECISION & ORDER
In an action to foreclose a mortgage, (1) nonparty Meryl Robertson, as executor of the estate of Jay Berman, appeals from an order of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated April 24, 2015, (2) nonparties Meryl Robertson, as executor of the estate of Jay Berman, and Jeffrey L. Saltiel appeal from an order of the same court dated September 18, 2015, and (3) nonparties Meryl Robertson, as executor of the estate of Jay Berman, and Jeffrey L. Saltiel appeal from an order of the same court dated August 2, 2016. The order dated April 24, 2015, denied the motion of Jay Berman for contempt against nonparty Terry Smith. The order dated September 18, 2015, insofar as appealed from, granted that branch of the motion of Jay Berman which was for an award of an attorney's fee only to the extent of awarding an attorney's fee in the amount of $31,500, and directed a hearing on that branch of his motion which was to determine the amount of his commission. The order dated August 2, 2016, denied the motion of Jay Berman for leave to renew those branches of his prior motion.
ORDERED that the appeal from the order dated April 24, 2015, is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order dated September 18, 2015, as directed a hearing on that branch of the motion of Jay Berman which was to determine the amount of his commission is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated September 18, 2015, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order dated August 2, 2016, is affirmed, without costs or disbursements.
The appeal from so much of the order dated September 18, 2015, as directed a hearing on that branch of the motion of Jay Berman which was to determine the amount of his commission must be dismissed. That portion of the order did not affect a substantial right and thus is not appealable as of right, and leave to appeal has not been granted (see CPLR 5701[a][2][v]; Barouh v Barouh, 112 AD3d 572; Rosner v Rosner, 73 AD3d 1151).
The instant action was commenced to foreclosure a commercial mortgage on certain real property located in Brooklyn. On January 24, 2014, Jay Berman (hereinafter the receiver) was appointed receiver for the subject premises. On February 27, 2014, Jeffrey L. Saltiel was appointed as counsel for the receiver. The receiver subsequently moved for approval of his final accounting, including a determination of the amount of his commission and an award of an attorney's fee. By order dated September 18, 2015, the Supreme Court, inter alia, granted that branch of the motion which was for an award of an attorney's fee only to the extent of awarding an attorney's fee in the amount of $31,500, and directed a hearing on that branch of the motion which was to determine the amount of his commission. The receiver moved for leave to renew and, by order dated August 2, 2016, the court denied the receiver's motion. The receiver and Saltiel appeal. By decision and order on motion dated February 9, 2018, this Court granted those branches of Saltiel's motion which were to substitute Meryl Robertson, as executor of the estate of Jay Berman, for the deceased nonparty-appellant Jay Berman, and to amend the caption accordingly.
We agree with the Supreme Court's determination awarding an attorney's fee in the amount of only $31,500. In making that determination, the court considered the following well-established factors: the time and labor required; the difficulty of the questions involved; the skill required to handle the issues presented; the experience, ability and reputation of counsel; the proposed amount of fees; the benefit resulting to the client from the services; the customary fee charged for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved (see Matter of Freeman, 34 NY2d 1, 9; Gordon v Verizon Communications, Inc., 148 AD3d 146, 165). A review of the billing statements and the work logs for Saltiel demonstrated that the sum of $31,500 was a reasonable fee for the work performed.
The appellants' remaining contentions are without merit.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court