Dixon v Uhler (2020 NY Slip Op 01679)





Dixon v Uhler


2020 NY Slip Op 01679


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

527470

[*1]Echo Westley Dixon, Appellant,
v
Donald G. Uhler, as Superintendent of Upstate Correctional Facility, et al., Respondents.

Calendar Date: February 7, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ.


Echo Westley Dixon, Elmira, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Appeal from an order of the Supreme Court (Ellis, J.), entered June 27, 2018 in Franklin County, which granted defendants' motion to dismiss the complaint.
As is relevant to this appeal, plaintiff commenced this action against defendants asserting liability under 42 USC § 1983. Following joinder of issue, defendants moved to dismiss the complaint for failure to state a cause of action. Supreme Court, among other things, found that plaintiff did not timely interpose any opposition thereto and granted defendants' motion to dismiss the complaint on default. Plaintiff appeals.
"It is well settled that no appeal lies from an order that is entered upon the default of the appealing party" (Walker v State of New York, 151 AD3d 1315, 1316 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Friedman [Loksen], 156 AD3d 971, 971-972 [2017], lv dismissed 31 NY3d 1137 [2018]; Johnson v State of New York, 140 AD3d 1558, 1558 [2016]). Plaintiff's failure to timely oppose defendants' motion was properly considered by Supreme Court as a default (see Walker v State of New York, 151 AD3d at 1316; Johnson v State of New York, 140 AD3d 1561, 1562 [2016]). As such, the appeal is not properly before this Court. Although the record reflects that the court denied plaintiff's subsequent motion to vacate the default judgment, the record does not contain a notice of appeal from that order.
Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ., concur.
ORDERED that the appeal is dismissed, without costs.