■ LEWIS SANDERS et al., Respondents, v SID R. BASS et al., Defendants, and WILLIAM CRAWFORD, INC., Appellant. [652 NYS2d 31] —Orders, Supreme Court, New York County (Lorraine Miller, J.), entered July 11, 1996, which, *inter alia,* granted plaintiffs' motion for summary judgment on the issue of liability, directed an inquest, awarded plaintiff costs and reasonable attorneys' fees in the amount of $1,500, and denied defendant-appellant's motion to strike plaintiffs' note of issue, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of vacating the award of costs and attorneys' fees, and otherwise affirmed, without costs.

We agree with the motion court that defendant's admission in the related action it brought against its insurer for coverage that the smoke and soot damage to plaintiffs' apartments was caused by the fire in the codefendants' apartment it was renovating, and that the fire was caused by one of several box fans its employees had left on, unattended, over the weekend, established a prima facie case of negligence, requiring defendant to come forward with proof that its employees exercised reasonable care in leaving the fans on over the weekend (*cf., e.g., Stanisz v Tsimis,* 96 AD2d 838; *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38). This defendant failed to do, offering nothing but conjecture that one of the fans malfunctioned, while acknowledging that leaving them on over the weekend involved risks of some kind. The motion court also properly deemed the disclosure first demanded by defendant after the preliminary conference setting the final disclosure deadline to have been waived (*see, Sampayo v McCadney,* 200 AD2d 456). In any event, the depositions of the nonparty representatives of plaintiffs' insurer would be merely cumulative of the insurance files and additional discovery already had on the issue of plaintiffs' damages. We find, however, that the court's award of costs and attorneys' fees to plaintiffs in the present circumstances constituted an improvident exercise of discretion. Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.