■ HERBERT LEGREE et al., Plaintiffs, v MAIO TRUCKING CORP. et al., Defendants, BIG EASY CAJUN-GREEN ACRES, INCORPORATED, Doing Business as BIG EASY CAJUN, Appellant, and ATLANTIC INTERIOR SYSTEMS, INC., Defendant and Third-Party Plaintiff. GREEN ACRES MALL CORP., Third-Party Defendant-Respondent. (And Other Titles.) [677 NYS2d 160] —In an action to recover damages for personal injuries, etc., the defendant Big Easy Cajun-Green Acres, Incorporated, d/b/a Big Easy Cajun, appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated January 3, 1997, which, upon reargument, granted the motion of the third-party defendant Green Acres Mall Corp. for summary judgment against it on the cross claims for indemnification.

Ordered that the order is affirmed, with costs.

The plaintiff Herbert Legree, an employee of the third-party defendant Green Acres Mall, Inc. (hereinafter Green Acres), was injured during renovations to a restaurant owned by the

appellant Big Easy Cajun-Green Acres, Incorporated, d/b/a Big Easy Cajun (hereinafter Big Easy), a tenant of the mall owned by Green Acres. Green Acres moved for summary judgment on its cross claim against Big Easy for indemnification including all defense costs and attorneys' fees, under the terms of the parties' lease. On reargument, the Supreme Court granted the motion, and we affirm.

Contrary to Big Easy's contention, the insurance provisions contained in the lease between it and Green Acres were in effect on the date of the accident. Section 7.01 of that lease required Big Easy to maintain comprehensive general liability insurance "at all times during the Term [of the lease], and during such other times as [Big Easy] occupies the Premises or any part thereof". Consequently, Big Easy's failure to obtain an insurance policy naming Green Acres as an additional insured constituted a breach, and Big Easy is liable for any resulting damages to Green Acres (*see, Kinney v Lisk Co.,* 76 NY2d 215; *Schumann v City of New York,* 242 AD2d 616; *McGill v Polytechnic Univ.,* 235 AD2d 400).

We have considered the appellant's remaining contentions and find them to be without merit. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.