◾ DAVID VAN DER VELDE et al., Respondents, v NYNEX et al., Appellants. [691 NYS2d 93] —In an action, *inter alia,* to recover damages for injury to property and infliction of emotional distress, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated March 16, 1998, as granted the plaintiffs' motion for partial summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted those branches of the plaintiffs' motion which were for partial summary judgment on their second, third, fourth, fifth, and sixth causes of action on

the issue of liability, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On or about March 8, 1994, two lineworkers employed by the defendants were installing a new telephone pole and anchor on Granada Place in Far Rockaway when they pierced a sewer line adjacent to the the plaintiffs' home. As a result of the piercing of the line, the plaintiffs' basement was flooded with raw sewage, sewage water, and debris.

Contrary to the defendants' contention, the Supreme Court properly granted the plaintiffs summary judgment on their first cause of action, which seeks damages for injury to property caused by the defendants' negligence. The plaintiffs' evidentiary submissions were sufficient to sustain their initial burden of demonstrating that the defendants' employees negligently pierced the sewer line, causing the flood which damaged their home and personal property. In opposition to the motion, the defendants failed to come forward with proof that its employees either were not responsible for piercing the sewer line, or did not act negligently in so doing. The defendants also failed to raise an issue of fact as to whether the piercing of the sewer line was a proximate cause of the flood. Accordingly, the plaintiffs are entitled to summary judgment on their first cause of action (*see, Sanders v Bass,* 235 AD2d 255).

However, in moving for summary judgment, the plaintiffs offered no proof in support of their remaining causes of action, which seek damages, *inter alia,* for the infliction of emotional distress. Accordingly, we modify the order appealed from to delete the provision granting the plaintiffs summary judgment on these causes of action. Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.