■ Yofi Book Publishing, Inc., Respondent-Appellant, v Wil-Brook Realty Corp., Appellant-Respondent. [732 NYS2d 238] —In an action, *inter alia,* to recover damages for injury to property, the defendant appeals from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated October 7, 1999, as denied those branches of its cross motion which were for summary judgment dismissing the complaint, and on its counterclaim to recover damages for breach of contract, and the plaintiff cross-appeals from so much of the same order as denied its motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment on its counterclaim to recover for breach of contract and substituting therefor a provision granting that branch of the motion only to the extent that the defendant is awarded summary judgment to recover the costs of the liability policy it obtained, the deductible on the policy, and any increase in premium rates resulting from this claim, and (2) deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of li-

ability and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

Since it is uncontroverted that the plaintiff failed to obtain the insurance required by the lease, the Supreme Court erred in denying that branch of the defendant's cross motion which sought summary judgment on its counterclaim to recover damages for breach of contract (*see, Simel v City of New York,* 274 AD2d 466; *Legree v Maio Trucking Corp.,* 253 AD2d 518). However, since the defendant procured its own insurance covering the claim, the plaintiff's liability is limited to the cost of the insurance, including the premium paid by the defendant for the policy, the deductible, and any increase in the defendant's premium rates resulting from the claim (*see, Inchaustegui v 666 5th Ave. Ltd. Partnership,* 96 NY2d 111; *Trokie v York Preparatory School,* 284 AD2d 129; *Mavashev v Shalosh Realty,* 233 AD2d 301, 303; *Doyle v B3 Deli,* 224 AD2d 478).

The Supreme Court also erred in denying the plaintiff's motion for summary judgment on the issue of liability. The plaintiff's submissions established that the defendant had notice of the defective plumbing system prior to the date of the flood but did not remedy the problem as required under the lease. The defendant failed to raise a triable issue of fact in response to the plaintiff's prima facie showing that the defendant negligently caused the flood that damaged the plaintiff's property (*see,* CPLR 3212 [b]; *Van Der Velde v NYNEX,* 262 AD2d 308; *Sanders v Bass,* 235 AD2d 255).

Accordingly, the matter is remitted to the Supreme Court, Kings County, for a hearing on the parties' respective damages. Under the circumstances of this case, the plaintiff's damages are limited to the amount of coverage provided by the defendant's policy.

The defendant's remaining contentions are without merit. Altman, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.