■ SUSAN SIMEK, Appellant, v JOAN M. CASHIN, Respondent. [738 NYS2d 393] —In an action, inter alia, for reformation of a note and mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), dated May 9, 2001, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The decedent, Joan Helen Palmer, executed a deed dated January 14, 1994 (hereinafter the January 1994 deed), conveying certain real property underlying structures referred to as Buildings A, B, and D to the defendant. The decedent also executed a deed dated November 1, 1994 (hereinafter the November 1994 deed), which the parties agree intended to convey real property underlying Buildings C, E, F, and G, and a restaurant to the plaintiff. The plaintiff executed a note and mortgage in favor of the decedent in the principal sum of $450,000 for the November 1994 deed. The November 1994 deed contained a provision in which the decedent represented that the property was unencumbered.

Thereafter, the defendant executed a deed dated May 11, 1995, transferring the title to Buildings A, B, and D to the plaintiff. That same day, the plaintiff executed a note and mortgage in favor of the defendant in the principal sum of $430,000 in connection with this conveyance.

In August 1997 the defendant commenced a foreclosure action against the plaintiff following the plaintiff's default in paying the 1995 note and mortgage. During the foreclosure action, the defendant obtained a survey to establish the property line between Buildings A, B, and D and Buildings C, E, F, and G.

The survey revealed, inter alia, that the real property described in the January 1994 deed also included the land underlying Building G, and conversely, the real property described in the November 1994 deed did not contain the land underlying Building G. The foreclosure action was settled by stipulation dated October 15, 1998, whereby the parties agreed, inter alia, that the plaintiff had title to the land underlying Building G and that the plaintiff would execute a deed conveying Buildings A, B, and D back to the defendant. Thereafter, the plaintiff executed a deed in lieu of foreclosure, conveying Buildings A, B, and D to the defendant.

In July 1999 the plaintiff commenced this action against the decedent seeking to reform the 1994 note and mortgage executed in favor of the decedent on the ground of mutual mistake, and to recover damages for unjust enrichment and breach of warranty. The plaintiff then amended the complaint, naming the defendant as executrix of the estate. Subsequently, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for partial summary judgment on the issue of liability.

To reform a contract based on mistake, a plaintiff must establish that the contract was executed under mutual mistake or a unilateral mistake induced by the defendant's fraudulent misrepresentation (*see, Kadish Pharmacy v Blue Cross & Blue Shield of Greater N.Y.,* 114 AD2d 439). However, "[w]here there is no mistake about the agreement and the only mistake alleged is in the reduction of the agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected" (*Born v Schrenkeisen,* 110 NY 55, 59; *see, Nash v Kornblum,* 12 NY2d 42, 47).

The plaintiff is not entitled to reformation of the 1994 note and mortgage executed in favor of the decedent. The decedent's failure to convey Building G to the plaintiff in 1994 was merely a scrivener's error which was corrected by the October 1998 stipulation. Further, it is uncontroverted that both the plaintiff and the decedent understood that Building G was included in the November 1994 conveyance.

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.