■ Elm Realty Associates, LLC, Appellant, v Leben, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. Medisys Health Network, Inc., Third-Party Defendant-Respondent. [803 NYS2d 683]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated October 31, 2003, as granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the issue of liability and for a trial on the issue of damages, and the defendants third-party plaintiffs cross-appeal from so much of the same order as granted the motion of the third-party defendant pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, the defendants' motion is denied, the cross motion is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On March 1, 2000, the plaintiff and the defendant Leben, LLC (hereinafter Leben), entered into a 25-year lease for certain real property where Leben was to operate an adult care facility. The defendant Jacob Rubin, the "sole member" of Leben, guaranteed Leben's obligations to the extent of three months' worth of basic and additional rent under the lease. Among other things, the lease contained a covenant pursuant to which Leben agreed to comply with all federal, state and municipal laws applicable to its business. The lease also contained default provisions. The latter provisions provided, inter alia, that upon termination of the lease in the event Leben breached any of its covenants, the plaintiff had the option to relet the premises for Leben's account, but Leben remained liable for the rent, less any amount the plaintiff recovered as a result of reletting.

On May 3, 2001, Rubin and the New York State Department of Health (hereinafter DOH) entered into a stipulation and order, which recited that Rubin admitted to numerous violations of regulations applicable to operation of the adult care facility, and that he conceded that such violations constituted legally sufficient grounds for DOH to have sought the revocation of Rubin's operating certificate. Rubin's operating certificate was suspended on consent, and he was given an opportunity to transfer the facility to a new, qualified operator. In the

meantime, operation of the facility was transferred to a temporary operator—the third-party defendant, Medisys Health Network, Inc. (hereinafter Medisys)—which initially was expected to operate the facility for 60 days, but in fact did so for about 10 months. Rubin was to identify all bank accounts containing the facility's funds, and he was prohibited from transferring any of those funds. Rather, he was to provide Medisys with immediate access to those accounts. The stipulation and order further provided that Medisys had no duties or obligations with respect to Rubin. Rubin agreed not to assert any claim against Medisys for any conduct taken in furtherance of DOH orders and directives. Medisys was not required to use any of its own funds to defray the facility's expenses. Rubin retained full responsibility for the facility's obligations prior to the effective date of the stipulation and order.

By letter dated May 21, 2001, the plaintiff informed Rubin that in light of the stipulation and order dated May 3, 2001, the lease was cancelled "effective immediately."

In prior litigation, the plaintiff sued Medisys for rent it allegedly owed. That action was settled, with Medisys paying the plaintiff the total sum of $550,000, $450,000 of which was applied to rent, with the plaintiff reserving its rights against Leben and Rubin. The plaintiff further gave Medisys a release.

In this action, the plaintiff sued Leben and Rubin to recover rent allegedly owed commencing with the month of May 2001. The defendants impleaded Medisys, first on a contribution theory, but in an amended third-party complaint, proceeded solely on a theory of indemnity.

Medisys moved to dismiss the amended third-party complaint pursuant to CPLR 3211 (a) (1) and (7). Leben and Rubin moved for summary judgment dismissing the complaint against them, and the plaintiff cross-moved for summary judgment on the issue of liability and for a trial on the issue of damages. The Supreme Court granted the motion of Leben and Rubin for summary judgment dismissing the complaint, denied the plaintiff's cross motion, and granted Medisys's motion to dismiss the amended third-party complaint on the ground that the third-party action was academic. We modify.

Leben and Rubin failed to make a prima facie showing of entitlement to judgment as a matter of law, and thus their motion for summary judgment should have been denied (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). On the other hand, the plaintiff did make such a showing, claiming that Leben failed to pay rent beginning with the month of May 2001. The plaintiff further demonstrated that Leben breached the

subject lease, and had to cede control of the facility to Medisys pending the installation of a new, qualified operator. Further, under the express terms of the lease, following termination of the lease, Leben remained liable for rent, less any amount the plaintiff received as a result of reletting the premises (*see Gannett Suburban Newspapers v El-Kam Realty Co.*, 306 AD2d 312 [2003] [enforcing express terms of lease which allowed landlord to recover damages for rent and additional rent from tenant for remainder of lease term where tenant abandoned premises]). In opposition to the plaintiff's prima facie showing, Leben and Rubin failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the plaintiff's cross motion, inter alia, for summary judgment on the issue of liability. Thus, we remit the matter to the Supreme Court, Queens County, for a trial on the issue of the plaintiff's damages.

In light of the foregoing disposition, Medisys's motion to dismiss the amended third-party complaint no longer is academic. Nevertheless, we affirm that part of the Supreme Court's order granting Medisys's motion, for the reason that, even assuming that Leben and Rubin otherwise had an indemnity claim against Medisys, that claim was waived in the May 3, 2001, stipulation and order. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.