JOHN JOHN, LLC, Appellant, v EXIT 63 DEVELOPMENT, LLC, et al., Respondent, et al., Defendants. [826 NYS2d 656]—

In an action, inter alia, for reformation of a contract, for a judgment declaring that certain property is subject to an equitable restriction, and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suf-

folk County (Henry, J.), dated May 12, 2005, which granted the motion of the defendant Exit 63 Development, LLC, for summary judgment dismissing the eleventh, twelfth, and thirteenth causes of action in the second amended complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The purpose of reformation is to "restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]). "To reform a contract based on mistake, a plaintiff must establish that the contract was executed under mutual mistake or a unilateral mistake induced by the defendant's fraudulent misrepresentation" (*Simek v Cashin*, 292 AD2d 439, 440 [2002]).

The defendant Exit 63 Development, LLC (hereinafter Exit 63), established its prima facie entitlement to judgment as a matter of law dismissing the eleventh, twelfth, and thirteenth causes of action insofar as asserted against it by submitting the contract for the sale of the subject real property, which contained no clause in which Exit 63 agreed to restrict the use of its adjacent lot to only the construction of an office building. Exit 63 further submitted the deposition testimony of the plaintiff's principals, who testified that they did not believe any document restricted Exit 63 from constructing something other than an office building on its lot. The plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Therefore, the Supreme Court properly granted Exit 63's motion for summary judgment dismissing the eleventh, twelfth, and thirteenth causes of action insofar as asserted against it.

In light of this determination, we need not reach the parties' remaining contentions.

We note that since this is, in part, a declaratory judgment action, a judgment should be entered at the conclusion of the action declaring that the plaintiff is not entitled to an equitable restriction precluding Exit 63 from constructing something other than an office building on its lot adjacent to the subject property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.