EDWARD LIEBERMAN et al., Respondents, v GREENS AT HALF HOLLOW, LLC, Appellant. [864 NYS2d 539]—

In an action, inter alia, for reformation of a contract and to recover damages for fraud, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 12, 2007, as denied those branches of its motion which were for summary judgment dismissing the first, second, and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purpose of reformation is to "restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties" (*George*

*Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]). To reform a contract based on mistake, a plaintiff must establish that the contract was executed under a mutual mistake or a unilateral mistake induced by the defendant's fraudulent misrepresentation (*see John John, LLC v Exit 63 Dev., LLC*, 35 AD3d 538, 539 [2006]; *Simek v Cashin*, 292 AD2d 439, 440 [2002]).

Here, the plaintiffs allege that the parties agreed to the purchase and sale of a condominium unit which was to be constructed overlooking a golf course in the defendant's development. The plaintiffs were charged and paid an additional sum of $75,000 above the base unit price as a "lot location premium" for a "golf villa" unit. However, the plaintiffs allege that, upon completion of construction, the unit was located with a view overlooking an off-premises sandpit or drainage basin.

The defendant moved for summary judgment, inter alia, dismissing the first, second, and third causes of action and asserted, among other things, that there was no contractual obligation that the unit in question would overlook the golf course. However, the defendant did not submit the development's plot plan, which had been incorporated into the offering plan as well as the purchase agreement. The defendant failed to submit any evidence to establish, prima facie, either the agreed-upon or as-built location of the unit purchased by the plaintiffs (*cf. John John, LLC v Exit 63 Dev., LLC*, 35 AD3d at 539).

Additionally, contrary to the defendant's contention, the general language of the merger clause in the purchase agreement did not preclude the plaintiffs' claim of fraud in the inducement or the plaintiffs' use of parol evidence to establish their reliance upon certain representations made by the defendant's employee about the location and view of the plaintiffs' unit (*see Black Rock, Inc. v Z Best Car Wash, Inc.*, 27 AD3d 409 [2006]).

Moreover, the offering plan was incorporated into the purchase agreement and stated that the representations in the offering plan would survive delivery of the deed. Since the offering plan contains representations concerning the assignment of a lot location premium and the location of the plaintiffs' unit, the plaintiffs' reformation causes of action are also not barred by the merger clause or delivery of the deed (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1076 [2007]).

The defendant's remaining contentions are without merit.

In light of the foregoing, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the first, second, and third causes of

action. Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur. [*See* 2007 NY Slip Op 32951(U).]