■ AGATINA RUNFOLA, Appellant, v DAVID CAVAGNARO et al., Respondents. (And a Third-Party Action.) [880 NYS2d 673]—

In an action to recover upon a personal guaranty, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated August 11, 2008, which denied her motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff landlord entered into a lease with a limited liability company (hereinafter the LLC) of which the defendants were the sole officers and members. Pursuant to the lease, the LLC was to operate a restaurant at the premises demised thereunder. Coincident with the lease, the defendants executed a personal guaranty in favor of the plaintiff guaranteeing the restaurant's payment of rent and the performance of all monetary provisions of the lease. Two years after the defendants purportedly transferred their ownership interests in the restaurant to the third-party defendants, the restaurant defaulted in its rental obligations. The plaintiff commenced this action against the defendants to recover under the guaranty.

In response to the plaintiff's prima facie showing of her entitlement to judgment as a matter of law on the complaint (*see generally Key Equip. Fin., Inc. v South Shore Imaging, Inc.*, 39 AD3d 595 [2007]; *Juste v Niewdach*, 26 AD3d 416, 417 [2006]; *cf. Elm Realty Assoc., LLC v Leben, LLC*, 22 AD3d 790, 792-793 [2005]), the defendants raised a triable issue of fact. The guaranty executed by the defendants provided that it would "be terminated upon an Assignment of Lease, pursuant to the terms of th[e] Lease." In opposition to the plaintiff's motion, the defendants submitted documentary evidence, including an agreement of sale dated September 2005, between and among the LLC, the defendants, and the third-party defendants, evidencing a transfer of the defendants' interests in the restaurant to the third-party defendants.

In addition, the defendant David Cavagnaro averred in an affidavit that although the plaintiff landlord did not give her consent to the transfer in writing, as was required under the lease, she was aware of the transfer and the fact that the

defendants were no longer affiliated with the restaurant. Further, Cavagnaro averred that the plaintiff landlord did not object to the transfer and thereafter, interacted with the third-party defendants (*see e.g. Atkin's Waste Materials v May*, 34 NY2d 422, 427 [1974]; *380 Yorktown Food Corp. v Great Atl. & Pac. Tea Co., Inc.*, 30 AD3d 403, 406 [2006]; *Brentsun Realty Corp. v D'Urso Supermarkets*, 182 AD2d 604, 605 [1992]). The foregoing submissions were sufficient to raise a triable issue of fact as to whether the transfer constituted "an Assignment of Lease," as contemplated by the parties in the provision of the guaranty providing for its termination upon such assignment.

The defendants' remaining contentions regarding damages are not properly before us as the motion for summary judgment was on the issue of liability only. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.