*945 The plaintiff is a cooperative corporation that owns a residential apartment building, located in Great Neck. The defendant has held the proprietary lease to a unit in the cooperative since July 1992.
Starting in or around 2005, the plaintiff began receiving complaints from the defendant’s neighbors concerning an odor of cat urine allegedly coming from the defendant’s unit. In September 2006, an employee of the plaintiff contacted the defendant and asked her to abate the odor. The defendant neither abated the odor nor granted the plaintiff access to her unit to perform abatement measures. Consequently, in March 2010, the Nassau County Department of Health issued a violation to the plaintiff citing “pollution of atmosphere — offensive cat odors” stemming from the defendant’s unit.
In July 2010, the plaintiff commenced this action against the defendant alleging that the defendant breached the proprietary-lease by allowing the existence of the cat urine odor. The plaintiff further alleged that, despite its repeated requests for access to the defendant’s unit to investigate and remedy the alleged offensive odor, the defendant refused to provide such access, although required to do so by the terms of the lease.
The plaintiff moved for summary judgment on the issue of liability on its fourth cause of action, which sought to recover damages for breach of contract and reasonable attorney’s fees. The Supreme Court granted the plaintiffs motion and directed a hearing on the issue of damages and reasonable attorney’s fees.
The plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law on the issue of liability with respect to the fourth cause of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In support of its motion, the plaintiff submitted the subject lease and an affidavit from its president.
The lease provided that the defendant, as lessee, “shall not permit unreasonable . . . odors to escape into the building.” In the event that the lessee failed to make necessary repairs or remedy an objectionable condition upon being given 30 days notice, the plaintiff, as lessor, had the right to make such necessary repairs or remove such objectionable condition. The lease also provided that the plaintiff “shall be permitted to visit, examine or enter the apartment ... at any reasonable hour of the day upon notice ... to cure any default by the Lessee.”
In her affidavit, the plaintiff’s president stated that the *946 plaintiff had been receiving complaints from other shareholders about the smell of cat urine emanating from the defendant’s unit since 2005. Letters were sent to the defendant from the plaintiff and its attorneys requesting that the plaintiff voluntarily abate the odor. The plaintiffs president also noted that the plaintiff was issued a violation by the Nassau County Department of Health relating to the offensive cat odor coming from the defendant’s unit. The plaintiffs president maintained that, despite this, the defendant refused the plaintiffs request for access to the unit to remedy the situation.
Although the defendant submitted evidence in opposition demonstrating that she had recently taken abatement measures to remedy the cat urine odor and had allowed the plaintiff to have access to her unit, she did not address the plaintiffs evidence which established that she had neither fully remedied the odor nor granted access to her apartment before the commencement of the instant action in 2010, despite having been informed of the necessity to do so as early as 2006. Thus, the defendant failed to raise a triable issue of fact as to whether she had breached the lease (see generally Satra Realty, LLC v Knovel Corp., 93 AD3d 1128, 1129-1130 [2012]; Elm Realty Assoc., LLC v Leben, LLC, 22 AD3d 790, 792-793 [2005]; Chaehee Jung v Rum Gang, Inc., 22 AD3d 441, 443 [2005]; Wilson v Valley Park Estates Owners Corp., 301 AD2d 589, 590-591 [2003]; Yofi Book Publ. v Wil-Brook Realty Corp., 287 AD2d 712, 713 [2001]).
“It is well settled in New York that a prevailing party may not recover attorneys’ fees from the losing party except where authorized by statute, agreement or court rule” (U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; Spodek v Neiss, 86 AD3d 561, 561 [2011]). Pursuant to paragraph 28 of the lease, the plaintiff was entitled to recover any expenses, including reasonable attorney’s fees, from a lessee, such as the defendant, in the event that it had to institute any action or proceedings against a lessee due to the lessee’s breach of the terms of the lease. Given the defendant’s refusal to abate the odor or to provide the plaintiff with access to her unit to allow it to handle the abatement in accordance with the terms of the lease, the plaintiff was required to institute this action and incur expenses in connection with the litigation. Since the plaintiff demonstrated that the defendant breached the unambiguous terms of the lease, the plaintiff is entitled to reasonable attorney’s fees (see Rechler Equity B-l, LLC v ARR Corp., 98 AD3d 496, 498 [2012]; 715 Ocean Parkway Owners Corp. v Rlagsbrun, 74 AD3d 1314, 1315 [2010]; RAD Ventures *947 Corp. v Artukmac, 31 AD3d 412, 414 [2006]). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiffs motion for summary judgment on the issue of liability on the fourth cause of action. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.