■ MORDECAI SOLOMON et al., Appellants, v SETH NESS et al., Respondents. [987 NYS2d 220]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered October 22, 2012, as granted the defendants' motion for summary judgment on their counterclaim to recover their security deposit, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the cause of action to recover damages for breach of the lease.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and the defendants entered into an agreement pursuant to which the defendants leased a house from the plaintiffs for a one-year term beginning on August 1, 2011. The defendants gave the plaintiffs a security deposit in accordance with the lease. The defendants moved into the house on August 18, 2011. In a letter dated September 4, 2011, the defendants informed the plaintiffs that they were vacating the house. In January 2012, the plaintiffs commenced this action, inter alia, to recover damages for breach of the lease. The defendants asserted a counterclaim to recover their security deposit.

The Supreme Court properly granted the defendants' motion for summary judgment on their counterclaim to recover their security deposit. General Obligations Law § 7-103 (1) provides that a security deposit with respect to the use or rental of real property "shall continue to be the money of the person making such deposit . . . and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same." General Obligations Law § 7-103 (3) provides that any provision of a lease "whereby a person who so deposits or advances money waives any provision of this section is absolutely void." When a landlord commingles the security deposit with his or her personal funds in violation of General Obligations Law § 7-103 (1), the tenant has "an imme-

diate right to return of the funds, even if the [tenant] had breached the lease" (*Gihon, LLC v 501 Second St., LLC*, 103 AD3d 840, 842 [2013] [internal quotation marks omitted]). Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law on their counterclaim by submitting the subject lease, which contained a provision stating that the security deposit may be commingled with the plaintiffs' general funds. This provision is void by operation of General Obligation Law § 7-103 (3), and, in addition, raises an inference that the plaintiffs violated General Obligations Law § 7-103 (1) by commingling the security deposit with their own funds (*see Gihon, LLC v 501 Second St., LLC*, 103 AD3d at 841; *Paterno v Carroll*, 75 AD3d 625, 628 [2010]). In opposition, the plaintiffs, who did not submit any evidence that they did not commingle the security deposit with their own funds, failed to raise a triable issue of fact.

The Supreme Court also properly denied the plaintiffs' cross motion for summary judgment on the first cause of action, which was to recover damages for breach of the lease. The plaintiffs made a prima facie showing that the defendants breached the lease by failing to make monthly rent payments beginning on October 1, 2011. In opposition to that showing, the defendants submitted evidence that, after they vacated the house on or about September 4, 2011, the plaintiffs accepted a return of the keys to the house, immediately put the house on the market for sale, and did not demand payment of rent until late November, 2011. Accordingly, the defendants raised a triable issue of fact as to whether the parties both acted so inconsistently with the landlord-tenant relationship that a surrender of the premises was effected by operation of law, thereby terminating the lease prior to the rent becoming due on October 1, 2011 (*see Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 691-692 [1986]; *Rios v Carrillo*, 53 AD3d 111, 114 [2008]; *Bay Plaza Estates v New York Univ.*, 257 AD2d 472, 473 [1999]). Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.