In an action, inter alia, to recover damages for breach of contract, the defendants New York Supermarket, Inc., and Long Deng appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated December 1, 2014, as granted that branch of the plaintiff’s motion which was for summary judgment on the issue of liability.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff commenced this action, inter alia, to recover damages for breach of contract and to recover on a personal guaranty. It alleged in the complaint that it leased commercial property to the defendant New York Supermarket, Inc. (hereinafter NY Supermarket), pursuant to a lease dated January 15, 2000, and that in March of 2001, the defendant Long Deng executed a personal guaranty of NY Supermarket’s obligations under the lease. The plaintiff alleged that NY Supermarket had defaulted on the payments required by the lease, and that Long Deng had failed to satisfy his obligations pursuant to the guaranty.
 

 Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability. In support of its motion it submitted, among other things, a copy of a personal guaranty allegedly executed by Long Deng on March 27, 2001, which guaranteed the terms of a lease between the plaintiff and NY Supermarket “dated on January 15, 2001.” NY Supermarket and Long Deng (hereinafter together the defendants) opposed the motion, arguing that the plaintiff had failed to establish by admissible evidence the amounts NY Supermarket owed the plaintiff under the lease. The defendants further argued that Long Deng was not liable under the personal guaranty since it was not notarized, he had not signed it, and the guaranty referred to a lease dated January 15, 2001, while the lease in this case was dated January 15, 2000. The Supreme Court, inter alia, granted the plaintiff’s motion for summary judgment on the issue of liability. The defendants appeal.
 

 The plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action to recover damages for breach of contract by submitting a copy of the lease and an affidavit from its president (see Great Neck Terrace Owners Corp. v McCabe, 101 AD3d 944, 945 [2012]; cf. Elm Realty Assoc., LLC v Leben, LLC, 22 AD3d 790, 792 [2005]). Since the plaintiff’s motion was for summary judgment on the issue of liability only, it was not required to submit proof of the amount of damages (see Northway Mall Assoc. v Bernlee Realty Corp., 90 AD2d 739, 739-740 [1982]). In opposition to the plaintiff’s prima facie showing, the defendants failed to raise a triable issue of fact (see Elm Realty Assoc., LLC v Leben, LLC, 22 AD3d at 793; Town of Hempstead v Lizza Indus., Inc., 232 AD2d 628, 629 [1996]).
 

 The plaintiff also established its prima facie entitlement to judgment as a matter of law on the cause of action to recover on the personal guaranty by demonstrating that Long Deng guaranteed all terms and rent payments of the lease, and that Long Deng defaulted on his obligations under the guaranty (see Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 730 [2014]; TD Bank, N.A. v Clinton Ct. Dev., LLC, 105 AD3d 1032, 1034-1035 [2013]). In opposition, the defendants failed to raise a triable issue of fact.
 

 Initially, the defendants argue that the personal guaranty was not notarized. However, while a personal guaranty must be in writing (see Philip F. Alba, P.C. v Lindenman, 289 AD2d 550, 550 [2001]), it does not have to be notarized to make it legally binding on the parties (see Columbus Trust Co. v Campolo, 110 AD2d 616, 617 [1985], aff'd 66 NY2d 701 [1985]; cf. Seaboard Sur. Co. v Earthline Corp., 262 AD2d 253, 253 [1999]).
 

 Contrary to the defendants’ contention, the typographical error in the guaranty relating to the year of the lease did not render the guaranty unenforceable. “Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected” {Born v Schrenkeisen, 110 NY 55, 59 [1888]; see Nash v Kornblum, 12 NY2d 42, 47 [1962]; Simek v Cashin, 292 AD2d 439, 440 [2002]). In such a case, there is no need to reform the contract (see Castellano v State of New York, 43 NY2d 909, 911 [1978]; Simek v Cashin, 292 AD2d at 440). “[I]n the absence of a claim for reformation, courts may as a matter of interpretation carry out the intentions of the parties by transposing, rejecting, or supplying words to make the meaning of the contract more clear” (Hickman v Saunders, 228 AD2d 559, 560 [1996]; see Ross v Sherman, 95 AD3d 1100, 1100 [2012]).
 

 Here, the Supreme Court did not err in finding that the date of the lease in the guaranty should have read “January 15, 2000,” rather than “January 15, 2001,” notwithstanding the fact that the plaintiff did not seek to reform the contract. The plaintiff’s president asserted in his affidavit that, pursuant to the lease, Long Deng was required to execute a guaranty of the lease when he purchased NY Supermarket from its previous owner in March of 2001. The guaranty refers to the same parties and premises as are set forth in the lease, and the same date of the lease except for the incorrect year. Moreover, Long Deng acknowledged that he is the president of NY Supermarket and did not provide a copy of any lease dated January 15, 2001, to which the guaranty could apply. As such, the court correctly interpreted the lease and the guaranty to carry out the intentions of the parties (see Ross v Sherman, 95 AD3d at 1100-1101; Hickman v Saunders, 228 AD2d at 560).
 

 With regard to the forgery defense, the plaintiff correctly notes that no such defense was raised in the defendants’ answer (see Seaboard Sur. Co. v Nigro Bros., 222 AD2d 574, 574 [1995]; see also CPLR 3018 [b]; UCC 3-307). Moreover, in opposition to the plaintiff’s prima facie showing of a valid guarantee, Long Deng submitted only his affidavit which conclusorily asserted that he did not sign the guaranty. Although, as the defendants correctly contend, an expert opinion was not necessary to raise a triable issue of fact regarding a forgery allegation, Long Deng was required to submit more than his bald assertion of forgery to create an issue of fact (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2004]; Kitovas v Megaris, 133 AD3d 720, 722 [2015]; TD Bank, N.A. v Piccolo Mondo 21st Century, Inc., 98 AD3d 499, 500 [2012]).
 

 The defendants’ remaining contentions are either improperly raised for the first time on appeal or without merit.
 

 Accordingly, the Supreme Court properly granted that branch of the plaintiffs motion which was for summary judgment on the issue of liability.
 

 Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.