DCFS Trust v Coffee Holding Co., Inc. (2019 NY Slip Op 06063)





DCFS Trust v Coffee Holding Co., Inc.


2019 NY Slip Op 06063


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-04930
 (Index No. 102720/09)

[*1]DCFS Trust, respondent, 
v
Coffee Holding Co., Inc., et al., appellants.


Gerard Decapua, Rockville Centre, NY (Bernard G. Chambers of counsel), for appellants.
Deily & Glastetter, LLP, Albany, NY (Pilar Cano of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated February 15, 2018. The order granted the plaintiff's motion for summary judgment on the complaint and, in effect, directed entry of a judgment in the principal sum of $13,015.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, directing entry of a judgment in the principal sum of $13,015; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a trial on the issue of damages.
On July 15, 2006, the defendant Coffee Holding Co., Inc. (hereinafter Coffee Holding), entered into a lease for a Mercedes Benz vehicle with Sovereign Motor Cars, Ltd. The defendant Andrew Gordon, the president of Coffee Holding, personally guaranteed the lease. The lease was assigned to the plaintiff. The defendants returned the car before the end of the lease term and stopped making payments thereunder. The plaintiff commenced this action against the defendants to recover damages for breach of contract. The plaintiff moved for summary judgment on the complaint. The Supreme Court granted the motion and, in effect, directed entry of a judgment awarding the plaintiff the principal sum of $13,015. The defendants appeal.
The plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of liability by submitting a copy of the lease and an affidavit from an account manager (see 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 798; Great Neck Terrace Owners Corp. v McCabe, 101 AD3d 944, 945). In opposition, the defendants failed to raise a triable issue of fact as to liability (see 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797; Elm Realty Assoc., LLC v Leben, LLC, 22 AD3d 790, 793).
However, the defendants raised a triable issue of fact regarding the costs charged for excessive wear and tear at the end of the lease term, thereby requiring that the matter be remitted to the Supreme Court, Richmond County, for a trial on the issue of damages (see All Is. Credit Corp. v Lincoln Gen. Ins. Co., 49 AD3d 573, 574).
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court