177 Richard St., LLC v Weeks (2019 NY Slip Op 08644)





177 Richard St., LLC v Weeks


2019 NY Slip Op 08644


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-01371 
2018-01372
 (Index No. 6828/15)

[*1]177 Richard Street, LLC, appellant, 
v
David Weeks, defendant, Manca Weeks, respondent.


The Law Offices of Michael Cohen, PLLC, Brooklyn, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from two orders of the Supreme Court, Kings County (Edgar G. Walker, J.), both dated December 1, 2017. The first order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Manca Weeks. The second order directed that an inquest on the issue of damages with respect to the defendant David Weeks be held at the time of the trial.
ORDERED that the first order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from the second order is dismissed, without costs or disbursements.
The defendants were tenants of an apartment owned by the plaintiff, 177 Richard Street, LLC (hereinafter the landlord), pursuant to a written lease. The defendants allegedly remained in the apartment beyond the expiration of the lease term on February 28, 2015, and the landlord commenced a holdover proceeding. That proceeding concluded with a stipulation of settlement by which the defendants were permitted to remain in the apartment until June 15, 2015, and the landlord was authorized to commence a plenary action to recover unpaid rent and amounts due for the defendants' use and occupancy of the apartment through June 15, 2015. The landlord subsequently commenced this action, inter alia, to recover unpaid rent through February 28, 2015, and use and occupancy (or holdover rent) from March 1, 2015, through June 15, 2015. The landlord moved for summary judgment on the complaint. The defendant David Weeks defaulted in opposing the landlord's motion. The defendant Manca Weeks opposed the landlord's motion.
In an order dated December 1, 2017 (hereinafter the first order), the Supreme Court granted, on default, that branch of the landlord's motion which was for summary judgment on the complaint insofar as asserted against David Weeks, and denied that branch of the landlord's motion which was for summary judgment on the complaint insofar as asserted against Manca Weeks. In a separate order, also dated December 1, 2017 (hereinafter the second order), the court directed that an inquest on the issue of damages with respect to David Weeks be held at the time of the trial. The landlord appeals from both orders.
As a preliminary matter, the second order is not appealable as of right. "With limited exceptions, an appeal may be taken to the Appellate Division as of right from an order deciding a motion made upon notice when—among other possibilities—the order affects a substantial right" (Sholes v Meagher, 100 NY2d 333, 335; see CPLR 5701[a][2][v]). "There is, however, no right of appeal from an ex parte order, including an order entered sua sponte" (Sholes v Meagher, 100 NY2d at 335).
Here, the second order did not decide a motion made on notice. As such, the second order is not appealable as of right (see CPLR 5701[a][2]; Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 16). No application has been made for permission to appeal from the second order, and we decline to grant leave to appeal from that order under the circumstances of this case (see HSBC Mtge. Servs., Inc. v James, 88 AD3d 651, 652). We note that the landlord could have moved to vacate the second order and appealed as of right to this Court if that motion was denied (see CPLR 2221, 5701[a][3]; Sholes v Meagher, 100 NY2d at 335). Adherence to such a procedure "ensures the appeal will be made upon a suitable record after counsel have had an opportunity to be heard" (Sholes v Meagher, 100 NY2d at 335).
Turning to the merits of the appeal from the first order, the landlord established, prima facie, that Manca Weeks is liable for unpaid rent and charges under the lease (see W6 Facility X, LLC v West 6 Care Ctr., Inc., 169 AD3d 968; 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797). In support of its motion, the landlord submitted, inter alia, a copy of the lease which was allegedly signed by Manca Weeks, pursuant to which she was liable for rent in the amount of $1,525 per month from March 1, 2014, through February 28, 2015. The landlord also submitted an affidavit of Jason Moore, a principal of the landlord, wherein he stated that the defendants owed unpaid monthly rent from September 1, 2014, through the expiration of the lease on February 28, 2015, and, pursuant to the lease, were liable for charges of $200 per day during the alleged holdover period, from March 1, 2015, through June 15, 2015.
In opposition to the landlord's prima facie showing, Manca Weeks raised triable issues of fact (see Solomon v Ness, 118 AD3d 773; Runfola v Cavagnaro, 62 AD3d 981; 380 Yorktown Food Corp. v Great Atl. & Pac. Tea Co., Inc., 30 AD3d 403). Manca Weeks submitted an affidavit wherein she stated that in December 2014, she notified the landlord that she had vacated the apartment on February 25, 2014. Paragraph 1 of the "Plain English Rider" to the lease provides: "Should one or more tenants leave the apartment at any time during the term of this lease, the remaining tenants/s [sic] are responsible for the entire monthly rent payment of $1,525.00." Paragraph 20 of the Plain English Rider to the lease provides that a charge of $200 per day will be incurred if the "Tenant" (defined as both "David & Manca Weeks") continues to occupy the apartment after the expiration of the lease. These lease provisions raise triable issues of fact as to whether Manca Weeks is liable for the rent and holdover charges that the landlord is seeking to recover. Accordingly, we agree with the Supreme Court's determination to deny that branch of the landlord's motion which was for summary judgment on the complaint insofar as asserted against Manca Weeks (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court