Domecq Realty, LLC v Great Spot, Ltd. (2024 NY Slip Op 01000)

Domecq Realty, LLC v Great Spot, Ltd.

2024 NY Slip Op 01000

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-07976
2021-03689
 (Index No. 608135/16)

[*1]Domecq Realty, LLC, respondent,
v
Great Spot, Ltd., et al., appellants.

Fred M. Schwartz, Smithtown, NY, for appellants.
Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Robert G. Steinberg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the defendants appeal from (1) an amended order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated August 18, 2020, and (2) an order of the same court dated April 8, 2021. The amended order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of a lease, and denied those branches of the defendants' motion which were for summary judgment dismissing the complaint and on their second counterclaim. The order, insofar as appealed from, denied the defendants' cross-motion for leave to reargue its opposition to that branch of the plaintiff's prior motion which was for summary judgment on the issue of liability on the cause of action alleging breach of a lease, and those branches of their prior motion which were for summary judgment dismissing the complaint and on their second counterclaim.
ORDERED that the amended order is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order is dismissed, as no appeal lies from an order denying reargument (see Farmer v Gazebo Contr., Inc., 218 AD3d 644, 645); and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2011, the plaintiff, Domecq Realty, LLC, as landlord, and the defendant Great Spot, Ltd., as tenant, entered into a lease with respect to certain commercial real property for a period of 10 years. In connection with the lease, the defendants Gulam M. Choudhury and Tohur A. Chowdhury executed a personal guaranty. Prior to the expiration of the lease term, Great Spot, Ltd., vacated the premises and ceased making payments under the lease.
The plaintiff commenced the instant action to recover damages for breach of the lease and to recover on the guaranty. The defendants interposed an answer in which they asserted, inter alia, various counterclaims. As their second counterclaim, the defendants alleged, among other things, that the plaintiff had fraudulently altered the guaranty after Choudhury and Chowdhury had [*2]signed it, thereby rendering it null and void. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging breach of the lease. The defendants moved, among other things, for summary judgment dismissing the complaint and on their second counterclaim. By amended order dated August 18, 2020, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied those branches of the defendants' motion. The defendants appeal.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of the lease. The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting a copy of the lease and an affidavit from the sole member of the plaintiff indicating that the defendants vacated the premises in July 2016 and failed to make payments under the lease thereafter (see Turnwood Assoc., LLC v Sutton Hay Day, Inc., 192 AD3d 1173, 1174; 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 798). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the subject guaranty is separate and distinct from the lease agreement, and any triable issues of fact as to the terms of the guaranty do not preclude the awarding of summary judgment to the plaintiff on the issue of liability on the cause of action alleging breach of the lease. For the same reasons, the court properly denied that branch of the defendants' motion which was for summary judgment dismissing that cause of action.
The Supreme Court also properly denied those branches of the defendants' motion which were for summary judgment dismissing the cause of action to recover on the guaranty and on their second counterclaim. The defendants did not establish their prima facie entitlement to judgment as a matter of law since the disputed evidence concerning the plaintiff's alleged removal of a provision from the guaranty after it had already been signed failed to eliminate all triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
CHAMBERS, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court