Comalgri Holding Corp. v SC Crossfit, Inc. (2025 NY Slip Op 04625)

Comalgri Holding Corp. v SC Crossfit, Inc.

2025 NY Slip Op 04625

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-10247
 (Index No. 206729/22)

[*1]Comalgri Holding Corp., respondent, 
v
SC Crossfit, Inc., et al., appellants.

Miletti Law, P.C., Astoria, NY (Vincent Miletti of counsel), for appellants.
Richard M. Gordon & Associates, P.C., Huntington, NY (Richard M. Gordon of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a personal guaranty, the defendants appeal from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated September 14, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the third cause of action and dismissing the defendants' counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2022, the plaintiff commenced this action against the defendants, SC Crossfit, Inc. (hereinafter Crossfit), and Charlie Cassara, John Delgaudio, and William Kalb (hereinafter collectively the guarantors), the guarantors of a commercial lease between the plaintiff and Crossfit, among other things, to recover on a personal guaranty executed by the guarantors. The defendants interposed an answer, asserting 10 counterclaims. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the third cause of action, to recover on the personal guaranty, and dismissing the defendants' counterclaims. In an order dated September 14, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendants appeal.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the third cause of action. The plaintiff established, prima facie, that the guarantors had guaranteed all rent payments and terms of the lease and that they breached their obligations under the guaranty (see W6 Facility X, LLC v West 6 Care Ctr., Inc., 169 AD3d 968, 969; 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 798). In opposition, the defendants' contention that the lease had been orally modified was insufficient to raise a triable issue of fact (see W6 Facility X, LLC v West 6 Care Ctr., Inc., 169 AD3d at 969).
For similar reasons, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendants' third, fourth, and fifth counterclaims (see Zuckerman v City of New York, 49 NY2d 557, 562; 9-11 Stanton St. Realty Corp. v Stanton St. Cleaners, Inc., 222 AD3d 570, 571). In opposition, the defendants failed to raise a triable issue of fact.
The Supreme Court also properly directed dismissal of the defendants' remaining counterclaims as barred by the doctrine of collateral estoppel. "The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party" (Buechel v Bain, 97 NY2d 295, 304; see Gregg v Lan Zhen Chen, 220 AD3d 697, 699). "The party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (Buechel v Bain, 97 NY2d at 304; see Gregg v Lan Zhen Chen, 220 AD3d at 699).
Here, the plaintiff established that the allegations raised in those counterclaims were necessarily decided in the prior nonpayment proceeding, and that, although the guarantors were not parties to the prior proceeding, as guarantors of the lease, they were in privity with Crossfit, as the tenant (see Lautman v 2800 Coyle St. Owners Corp., 223 AD3d 658, 660; Gregg v Lan Zhen Chen, 220 AD3d at 699). In opposition, the defendants failed to demonstrate that they did not have a full and fair opportunity to contest the prior determination (see Parker v Blauvelt Volunteer Fire Co., Inc., 93 NY2d 343, 350; Gregg v Lan Zhen Chen, 220 AD3d at 699).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court